NUMBER 13-07-478-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________


IN RE GEORGE OLIVAREZ


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Garza and Benavides


Per Curiam Memorandum Opinion (1)



 Relator, George Olivarez, filed a petition for writ of mandamus to compel the district
clerk and the trial court to docket and set for hearing his motion for DNA testing. We deny
the petition for writ of mandamus for the reasons stated herein. 

 First, the petition for writ of mandamus fails to comply with the Texas Rules of
Appellate Procedure. See generally Tex. R. App. P. 52.3(j). 

 Second, to the extent that relator's petition for writ of mandamus seeks relief
as against the district clerk, we do not have jurisdiction to issue a writ of mandamus
against a district clerk unless the issuance of such writ is necessary to enforce our
jurisdiction. See Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon 2004); In re
Washington, 7 S.W.3d 181, 182 (Tex. App.-Houston [1st Dist.] 1999, orig.
proceeding) (per curiam); see also HCA Health Servs. of Tex., Inc. v. Salinas, 838
S.W.2d 246, 248 (Tex. 1992) (orig. proceeding) (per curiam); In re Simpson, 997
S.W.2d 939, 939 (Tex. App.-Waco 1999, orig. proceeding) (per curiam). In the
instant case, our jurisdiction is not at issue, and accordingly, mandamus relief is not
available against the district clerk. (2)

 Third, a mandamus petitioner establishes that the trial court abused its discretion
by failing to rule on a matter if the petitioner shows that the trial court: (1) had a legal duty
to rule; (2) was asked to rule; and (3) failed or refused to do so. See In re Dimas, 88
S.W.3d 349, 351 (Tex. App.-San Antonio 2002, orig. proceeding); In re Chavez, 62
S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding); Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding); accord O'Connor v. First
Ct. of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). A trial court has a
reasonable time to perform the ministerial duty of considering and ruling on a matter
properly filed and before the court. Chavez, 62 S.W.3d at 228; Barnes, 832 S.W.2d at
426. Whether the judge has acted within a "reasonable" period of time depends on the
circumstances of the case. Chavez, 62 S.W.3d at 228.

 A party who complains about a trial court's refusal to hear or rule on a matter must
show that the matter was brought to the attention of the trial court and that the trial court
failed or refused to rule. In re Hearn, 137 S.W.3d 681, 685 (Tex. App.-San Antonio 2004,
orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426-27 (Tex. App.-Houston [1st Dist.]
1992, orig. proceeding). Merely filing the matter with the district clerk is not sufficient to
impute knowledge of the pending pleading to the trial court. Hearn, 137 S.W.3d at 685;
In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding). 

 It was incumbent upon relator to prove that the trial court was asked to rule and
failed or refused to do so. See e.g., In re Daisy, 156 S.W.3d 922, 924 (Tex. App.-Dallas
2005, orig. proceeding) (granting mandamus relief when record contained several letters
from the trial court explaining why relator's motion related to jail time credit would not be
ruled on). While relator alleges that he filed his motion for DNA testing with the district
clerk, nothing in the record suggests that he brought his motion to the trial court's
attention. Lacking that information, we cannot simply assume that the district court
knew of its duty to act and neglected to perform it. 

 The Court, having examined and fully considered the petition for writ of
mandamus is of the opinion that relator has not shown himself entitled to the relief
sought. Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App.
P. 52.8(a). 


 PER CURIAM



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 1st day of August, 2007.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. The correct procedure to be followed when a district clerk refuses to accept a pleading for filing is
explained by Justice Michel O'Connor in her concurring opinion in In re Bernard, 993 S.W.2d 453, 454-55
(Tex. App.-Houston [1st Dist.] 1999, orig. proceeding) (per curiam) (O'Connor, J., concurring).