Roy E. HENDERSON, Relator,

v.

The Honorable Jack O'NEILL,
Judge, Respondent.

No. D–0321.

Supreme Court of Texas.

Oct. 31, 1990.

Aubrey B. Calvin, Michael C. Clark, Sue V. Speck, Bradley L. DeLuca, Houston, for relator.

C.E. Clover, Sealy, for respondent.

PER CURIAM.

This is a mandamus proceeding. Henderson sought mandamus relief after the trial court sustained a motion for transfer of venue without providing advance notice. His underlying cause of action alleges breach of contract, deceptive trade practices and fraudulent misrepresentation in relation to the sale of a radio station. Henderson also sought temporary injunctive relief to compel the real parties in interest to lease a transmitter site needed for operation of the radio station. The issue of venue was determined immediately before Henderson's request for injunctive relief which was set on the ancillary docket pursuant to local rules. Henderson objected to the transfer of venue based on, among other contentions, the lack of notice required under Texas Rule of Civil Procedure 87. He also filed two motions requesting that the trial court reconsider its order which were both denied. Because we believe the trial court abused its discretion, the Court conditionally grants the writ.

Texas Rule of Civil Procedure 87 specifies that the movant has the duty to request a setting on the motion for transfer of venue. The Rule also provides, "[e]xcept on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer." Tex.R. Civ.P. 87.1. The trial court abused its discretion by ruling on the motion to transfer without giving Henderson sufficient notice. The record indicates that the trial court made no attempt to follow the applicable rule and, in fact, acknowledged its deviation from the required procedure. Under these facts, a writ of mandamus is the appropriate remedy. *See Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985).

Because the trial court's order conflicts with Texas Rule of Civil Procedure 87, a majority of the Court grants leave to file the petition for writ of mandamus and, without hearing oral argument, holds that relator is entitled to a writ of mandamus directing the trial court to vacate its order sustaining the defendants' motion to transfer venue. Tex.R.App.P. 122. The writ shall issue only if the trial court fails to act in accordance with this opinion.