**HCA HEALTH SERVICES OF TEXAS, INC. d/b/a Rio Grande Regional Hospital and William A. Burns, Relators,**

**v.**

**The Honorable Homer SALINAS, Judge, and the Honorable Pauline G. Gonzalez, District Clerk of Hidalgo County, Texas, Respondents.**

No. D–2257.

Supreme Court of Texas.

Oct. 7, 1992.

W. Wendell Hall, San Antonio, for relators.

Catherine W. Smith, Dalinda G. Quintana, Ramon Garcia, Rene Guerra and Cynthia M. Villanueva, Edinburg, for respondents.

---

PER CURIAM.

The 288th District Court in Bexar County inadvertently ordered a pending case transferred to Hidalgo County, where it was assigned to the 92nd District Court. Plaintiffs in the case, relators in this original mandamus proceeding, request us to direct the 92nd District Court to vacate its orders directing the parties to proceed with the litigation in Hidalgo County. We conditionally grant this relief.

Dr. Emilio J. Dominguez and HCA Health Services of Texas, Inc., negotiated unsuccessfully to create and operate a psychiatric facility in Hidalgo county. Dominguez claims that an agreement was reached and that HCA breached it; HCA denies that agreement was ever reached. HCA filed suit in the 288th District Court in Bexar County for a declaratory judgment that the parties had no agreement and that Dominguez was not a consumer under the Texas Deceptive Trade Practices Act, TEX.BUS. & COM.CODE §§ 17.41–17.63; see § 17.45(4). HCA also sought damages for payments made under an allegedly separate consulting contract for the project. Dominguez moved for a transfer of venue to Hidalgo County, and, subject to that motion, answered and asserted contract and tort counterclaims. As grounds for transfer, Dominguez contended that, although he had temporarily relocated to Bexar County after the venture fell through, he was still a permanent resident of Hidalgo County; that HCA's cause of action accrued there; that the engineers, architects, witnesses, and other parties reside or are located there; and that the site of the facility was to have been in Hidalgo County, making venue there mandatory under TEX.CIV.PRAC. & REM.CODE § 15.011. HCA responded that venue was proper in Bexar County because at the time suit was filed Dominguez lived, practiced medicine, and leased office space in Bexar County.

A hearing on the motion to transfer venue was set for November 8, 1991. Before that date, however, on October 31 a proposed order granting the motion was inadvertently presented, in a group of other papers, to a district judge sitting in the 288th District Court, who signed the order by mistake. The motion had not yet been heard, and the judge did not intend to rule on it. Nevertheless, in compliance with the order, a Bexar County deputy district clerk promptly transmitted the record to the Hidalgo County district clerk, who received, filed and docketed the case in 92nd District Court. On November 7, when the error was brought to the attention of the judge who signed the order, he immediately signed a second order vacating the first one. After a hearing on the motion the next day, the judge signed an order denying a transfer of venue.

In Bexar County, on HCA's motion, a second district judge sitting for the 288th District Court signed an order purporting to direct the Hidalgo County District Clerk to return the record, and the parties to take no further action in the case in Hidalgo County. In Hidalgo County, Dominguez moved for a determination of "the status of the venue issue," while HCA moved that the record be sent back to the Bexar County District Clerk's office. After a hearing on these motions, the respondent district judge in Hidalgo County ruled by order dated February 18, 1992, that the case had been properly transferred there, and ordered that it be prosecuted to final judgment in his court. By order dated April 3, 1992, respondent also ruled that venue was proper in Hidalgo County, and that the 92nd District Court would proceed with the action. When Dominguez attempted to conduct discovery, HCA requested and obtained an order in Bexar County quashing the discovery requests and ordering the parties not to conduct further discovery under the Hidalgo County cause number.

HCA moved for leave to file a petition for mandamus in the court of appeals. The appeals court denied the motion without written opinion. HCA then filed its motion in this Court. As the parties are subject to conflicting orders to proceed and not to proceed with the litigation in Hidalgo County, we stayed proceedings in both Hidalgo and Bexar Counties pending our consideration of HCA's motion. 35 Tex.Sup.Ct.J. 636.

■■■ In *Henderson v. O'Neill,* 797 S.W.2d 905 (Tex.1990) (per curiam), we held that it is an abuse of discretion, correctable

by mandamus, for a trial court to rule on a motion to transfer venue without giving the parties the notice required by TEX. R.CIV.P. 87, subd. 1. We directed the trial court in that case to vacate its order transferring venue. In this case, the district court granted the motion to transfer venue without notice to the parties and before the time set for decision. Had the district court refused to reconsider its ruling, HCA might have been entitled to mandamus relief under *Henderson*. Here, however, the district court attempted to correct its own mistake by vacating its order, conducting a hearing on the venue motion, and then ruling. The district court in this case had no less power to act voluntarily than the trial court in *Henderson* had to act at our direction. Although the order was interlocutory as to the parties, it was final as to the transferring court. *See Seay v. Valderas*, 643 S.W.2d 395, 397 (Tex.1982) (conditionally granting relief from an untimely transfer order in a suit affecting the parent-child relationship). Thus, the court retained plenary jurisdiction to correct its error for thirty days after the order of transfer was signed. *See* TEX.R.CIV.P. 329b(d); *U.S. Resources, Inc. v. Placke*, 682 S.W.2d 403, 405 (Tex.App.—Austin 1984, orig. proceeding). The clerk could not curtail the court's jurisdiction by transferring the papers in the case to another county. Inasmuch as the 288th District Court properly vacated its order transferring venue, it was an abuse of discretion for the 92nd District Court to order the parties to proceed in Hidalgo County, in effect overruling HCA's request to send the case back to Bexar County. Were it not so, the Bexar County district court's correction of its mistake, and the relief we ordered in *Henderson*, would be inconsequential.

■The Bexar County district court's reconsideration of its order signed by mistake does not violate the prohibition of TEX.R.CIV.P. 87, subd. 5 against subsequent motions to transfer venue after the first motion is decided. The motion which the court heard on November 8 was the first and only motion scheduled for hearing at that time, not a subsequent motion.

■ Because the litigation is deadlocked, HCA has no adequate remedy by appeal. Indeed, unless one of the district courts gives in, there can be no further proceedings in the case at all. In these circumstances, mandamus is proper. *Cf. Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985) (assertions of jurisdiction by two courts over the same case are not reviewable by mandamus unless one court actively interferes with proceedings in the other). We do not, of course, address whether venue is proper in Hidalgo County or Bexar County.

■ HCA moves for leave to file its petition for writ of mandamus against both the judge of the 92nd District Court and the Hidalgo County District Clerk. We lack jurisdiction to issue mandamus against the district clerk. *Pat Walker & Co. v. Johnson*, 623 S.W.2d 306 (Tex.1981). Without hearing oral argument, a majority of the Court grants the motion for leave to file and petition for mandamus as against the judge only and directs him to vacate his orders of February 18, and April 3, 1992, in Cause No. C–4901–91–A in the 92nd District Court, and to direct the Hidalgo County District Clerk to transmit the record in that case to the Bexar County District Clerk. The writ will issue only if respondent fails to act promptly in accord with this opinion. TEX.R.APP.P. 121, 122.