**DENY; and Opinion Filed December 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00881-CV

### IN RE BLACK HORSE CARRIERS, INC., Relator

**Original Proceeding from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-09587**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Boatright
Opinion by Justice Boatright

At issue in this petition for writ of mandamus are the general venue provisions that allow a lawsuit to be filed either in the county of the defendant's residence at the time the cause of action accrued if the defendant is a natural person or in the county of the defendant's principal office in this state if the defendant is not a natural person. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2),(3). Andrew Terrell filed the underlying suit against Black Horse and a Black Horse employee in Dallas County alleging, in relevant part, that Black Horse's Dallas County office is a "principal office" under the general venue statute. *Id.* §§ 15.001(a), 15.002(a)(3). Denying the venue allegation, Black Horse and its employee moved to transfer the suit to Denton County, the employee's county of residence. *Id.* § 15.002(a)(2). The trial court summarily denied the motion, and Black Horse now seeks relief from that order.

Because the general venue provisions are at issue, mandamus relief is appropriate only if exceptional circumstances are shown. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999). On the record before us, we conclude Black Horse has not shown exceptional circumstances. *Compare In re Team Rocket*, 256 S.W.3d 257, 259-60 (Tex. 2008) (trial court violated Texas Rule of Civil Procedure 87(5) by revisiting venue determination made by another court) *and Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex. 1990) (per curiam) (trial court violated Texas Rule of Civil Procedure 87(1) by deviati[ng] from "required procedure" of providing forty-five days' notice of hearing on motion to transfer). Accordingly, we deny the petition. TEX. R. APP. P. 52.8(a) (court must deny petition if it determines relator is not entitled to relief sought).

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

180881F.P05

2