**Opinion filed November 21, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00279-CV

_____

## IN RE RINO-K&K COMPRESSION, INC.

## Original Mandamus Proceeding

## O P I N I O N

Relator, Rino-K&K Compression, Inc., filed this original petition for writ of mandamus asserting that Respondent, the Honorable Elizabeth Byer Leonard, presiding judge of the 238th District Court of Midland County, abused her discretion when she granted the motion to transfer venue filed by real parties in interest (RPI), Global Compressor, L.P. and Compressor Management, LLC, without notice to the parties and without conducting a hearing as required by Rule 87 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 87(1), (3)(b); *Henderson v. O'Neill*, 797 S.W.2d 905 (Tex. 1990) (orig. proceeding) (mandamus is the appropriate remedy when a trial court fails to give sufficient notice to a party as required by Rule 87). Relator requests that we order Judge Leonard to vacate the order of transfer that she

signed on July 22, 2022. Because Judge Leonard did not comply with the procedural requirements mandated by Rule 87 for the trial court's consideration of a motion to transfer venue, we agree with Relator and conditionally grant Relator's petition.

## I. *Procedural History*

Relator filed the underlying suit in the 238th Judicial District Court of Midland County on June 1, 2022. RPI answered and filed a motion on July 1, 2022, to transfer venue to Harris County. Along with its motion to transfer venue, RPI submitted a proposed order. However, RPI did not request that Judge Leonard set a hearing on its motion to transfer venue as required by Rule 87. *See* TEX. R. CIV. P.87(1) ("The movant has the duty to request a setting on the motion to transfer.").

On July 22, 2022, without either notice to the parties or a hearing on the motion as required by Rule 87, Judge Leonard signed RPI's proposed order transferring venue to Harris County. Judge Leonard has filed a written response in this proceeding wherein she states that she "mistakenly" believed that the proposed order had been submitted for her signature pursuant to a local rule. *See* MIDLAND (TEX.) LOC. R. 4.09(a), (d)(2) (*after the rendition or announcement of the trial court's ruling* on a pending matter, if a party is unable to secure opposing counsel's approval as to the form of a proposed order within the thirty-day period prescribed by subsection (a), counsel may submit a letter and the proposed order to the trial court requesting that the trial court sign the order if no written objection has been received from opposing counsel within ten days from the date of counsel's letter and request).[1] The case was transferred to Harris County three days later.

---

[1] The parties in their submissions erroneously refer to Rule 2.6.c.2 of the Local Rules of Practice for the Courts of Midland County. However, the Local Rules of Practice for the Courts of Midland County were revised, and the amended version became effective on February 28, 2022. Thus, we note that the applicable local rule for purposes of this proceeding is Rule 4.09(a), (d)(2).

Although RPI claims that it received notice of a Transfer Certificate by electronic notification on July 25, 2022,[2] Relator asserts that it did not receive notice or become aware of either the trial court's order transferring venue or the Transfer Certificate until Relator contacted Judge Leonard's court coordinator and the Midland County district clerk's office on September 26, 2022. This lack of notice is supported by Relator's later filings in the Midland County suit: a Certificate of Written Discovery on September 9, 2022, and an Agreed Stipulated Confidentiality Order on September 15, the latter of which was signed by Judge Leonard on September 20. On September 20, RPI filed a motion to withdraw the agreed confidentiality order, stating that the order was "inadvertently and erroneously filed in Midland County, Texas although this case has been transferred to the 269th Judicial District Court in Harris County, Texas per this Courts [sic] July 22, 2022, Order."[3] Judge Leonard granted RPI's motion to strike the agreed confidentiality order on September 27.

In its petition, Relator requests that we order Judge Leonard to, among other things, vacate the July 22, 2022 order transferring venue because (1) she failed to comply with Rule 87's procedural requirements and (2) she did not afford Relator

[2]RPI avoids directly stating whether it received notice of the transfer order signed by Judge Leonard. In its submissions, RPI contends that RPI received notice "at the time the Transfer Certificate was filed and served via e-service from the Harris County District Court as a party to the action." It is unclear from RPI's initial response whether RPI received notice of the order granting its motion to transfer venue, or whether RPI received only the Transfer Certificate filed on July 25, 2022 and served electronically by Harris County. In its supplemental response, RPI states that the "court *presumably* provided prompt notice to all parties as [RPI] received electronic notice from the court *on or about* July 27, 2022, that the case had been transferred to Harris County," citing Rule 306a. *See* TEX. R. CIV. P. 306a(3) (requiring the clerk to immediately give notice to the parties after a judgment or order is signed). Therefore, we cannot discern whether RPI actually received notice of the transfer order.

[3]To explain why the agreed confidentiality order was filed in Midland County, RPI contends that Relator, during its review of the draft order, changed the heading of the order before it was filed "to list Midland County in the case style"; RPI has attached an "original draft" of the agreed order in support of its contention. We note that, while the "original draft" does list the 269th District Court of Harris County in the heading, both the "original draft" and the file-stamped order show the Midland County cause number.

due process under such rule. *See Henderson*, 797 S.W.2d at 905. Relator stresses that mandamus is "the only available remedy to address [Judge Leonard's] oversight" because Relator was not aware of and did not receive notice of the trial court's transfer order until "well after her plenary power [had] expired."[4]

As previously noted, Judge Leonard has filed a response to Relator's petition and has graciously acknowledged the oversight. Judge Leonard agrees that we should grant Relator's request for relief based on her mistake in signing the order transferring venue without providing notice to the parties and setting a hearing on the motion. According to Judge Leonard, she "does not know why notice was not sent to Relator."

RPI responds that Relator's petition for mandamus is "barred by laches" and that mandamus should not issue because Relator "provided no excuse or explanation for its failure to act in this case for over three (3) months given it was provided the same notice as RPI." In the alternative, RPI argues that Judge Leonard "acted within her discretion and reasonably" in granting RPI's motion to transfer venue because she relied on a local rule that allows a party to file a motion for the entry of an order if (1) the party is "unable to secure the approval as to form [of the order from] all opposing counsel and self-represented litigants" and (2) the trial court has not received a party's written objection to the proposed order within ten days of the trial court's receipt of such order and request for signature. *See* Loc. R. 4.09(d)(2). As discussed in greater detail below, we conclude that Relator's petition (1) is not barred laches and (2) should be conditionally granted. *See Henderson*, 797 S.W.2d at 905 (mandamus should issue when a trial court fails to follow the procedures required in

---

[4]Judge Leonard's plenary power presumably expired on August 22, 2022, thirty days after she signed the transfer order. *See HCA Health Servs. of Tex., Inc. v. Salinas*, 838 S.W.2d 246, 248 (Tex. 1992) (indicating that under Rule 87 a trial court has plenary power for thirty days after the transfer order is signed). The record before us shows that Relator received actual notice of the transfer order on September 26, 2022; the instant mandamus petition was filed on October 19, 2022.

4

Rule 87); *Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex. 1990) (orig. proceeding) (conditionally granting a writ of mandamus where "the court effectively deprived Union Carbide of its fundamental due process right to notice and a hearing").

## II. *Standard of Review*

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding). To obtain relief by mandamus, a relator must show both that (1) the trial court clearly abused its discretion and (2) the relator has no adequate remedy by appeal. *In re Texan Millwork*, 631 S.W.3d 706, 711 (Tex. 2021) (orig. proceeding) (per curiam); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief should be granted only when a relator establishes "that only one outcome in the trial court was permissible under the law." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). "It is meant for circumstances 'involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.'" *Id.* at 57 (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

Although mandamus is not an equitable remedy, its proceedings are guided by equitable principles. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding) (citing *Rivercenter Asscos. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993)). Therefore, mandamus, "[a]s a selective procedure, . . . can correct clear errors in exceptional cases and afford appropriate guidance to the law without the disruption and burden of [an] interlocutory appeal." *Id.*

## III. *Analysis*

Rule 87 of the Texas Rules of Civil Procedure requires that the trial court and the movant follow certain procedures prior to, during, and after the trial court's determination of a motion to transfer venue. First, the movant must request a setting

on the motion. TEX. R. CIV. P. 87(1). Next, the trial court must give each party to the action at least forty-five days' notice of the date the motion has been set for a hearing. *Id.* After the hearing on the motion has concluded, the trial court then must determine the motion "promptly" based on the pleadings, stipulations, and affidavits. *Id.* R. 87(1), (3)(b). In this context, the question of venue cannot be relitigated once venue is either (1) "sustained as against a motion to transfer" or (2) transferred to a county of proper venue in response to such a motion, and interlocutory appeals of venue determinations are not permitted. *Id.* R. 87(5), (6); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Further, Rule 89 similarly requires that certain actions be undertaken by the transferee county following the transferor court's venue determination. TEX. R. CIV. P. 89 (*e.g.*, requiring the clerk of the transferee county to provide notice, collect fees, and advise the plaintiff or counsel for the plaintiff that the cause can be dismissed if fees are not paid).

A. *The Trial Court Clearly Abused its Discretion*

We must first decide if the trial court clearly abused its discretion. In that regard, we must determine whether the trial court's order is void or merely "voidable." An appellate court may issue a writ of mandamus if a trial court's order is void even if a relator has an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Conversely, mandamus will not issue to direct a trial court to act on a voidable order *unless* a relator lacks an adequate remedy by appeal or "*exceptional circumstances*" exist that cause an appeal to become an inadequate remedy. *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding).

Here, Judge Leonard had jurisdiction to sign the transfer order, despite her failure to follow the procedural requirements of Rule 87; therefore, the transfer order is "voidable," not void. *See id.* ("[T]he mere fact that an action by a [trial] court . . . is contrary to a statute, constitutional provision or rule of civil or appellate procedure

6

makes it [not void but] 'voidable' or erroneous." (third and fourth alterations in original) (quoting *Mapco, Inc., v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding))); *see also Mapco*, 795 S.W.2d at 703 ("A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.").

We conclude that Judge Leonard clearly abused her discretion when she signed the transfer order without complying with the procedural requirements of Rule 87; therefore, she signed a "voidable" order. *See Henderson*, 797 S.W.2d at 905; *Mapco*, 795 S.W.2d at 703. As such, we must next determine whether Relator has an adequate remedy by appeal as a result of the trial court's clear abuse of discretion. *In re Masonite Corp.*, 997 S.W.2d at 198.

B. *Relator Does Not Have an Adequate Remedy by Appeal*

To challenge an adverse venue determination, a party ordinarily has an adequate appellate remedy through a direct appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 (West 2017). As a general rule, mandamus will not issue for venue determinations. *See In re Masonite Corp.*, 997 S.W.2d at 198. However, the Texas Supreme Court has promulgated exceptions to this general rule when, as in the case before us, "*extraordinary circumstances*" exist. *See, e.g.*, *In re Team Rocket*, 256 S.W.3d at 262 (the "trial court made no effort to follow" Rule 87); *Union Carbide*, 798 S.W.2d at 793 (the trial court "effectively deprived" the relator of due process during the venue proceeding); *Henderson*, 797 S.W.2d at 905 (the trial court failed to follow the requirements of Rule 87).

In *Henderson*, the supreme court held that the relator was "*entitled* to a writ of mandamus directing the trial court to vacate its order sustaining the defendants' motion to transfer venue" because the trial court signed its order without giving the relator sufficient notice as required by Rule 87. *Henderson*, 797 S.W.2d at 905

7

(emphasis added). The court in *Henderson*, however, did not discuss the second prong of the mandamus analysis—whether the relator had an adequate remedy by appeal. Based on this record, we believe that the circumstances in this case are "exceptional" and cause a direct appeal to become an inadequate remedy. *See id.*; *see also In re Masonite Corp.*, 997 S.W.2d at 198.

Although, as stated above, a party may typically appeal a trial court's venue determination through a direct appeal, this circumstance assumes that the trial court provided the appealing party with the requisite notice and due process that Rule 87 demands. *See* CIV. PRAC. & REM. § 15.064(a) ("In all venue *hearings*, no factual proof concerning the merits of the case shall be required to establish venue." (emphasis added)). For example, in *In re Team Rocket*, the supreme court read Section 15.064 and Rule 87 together to conclude that "once a venue determination has been made, that determination is conclusive as to those parties and claims." *In re Team Rocket*, 256 S.W.3d at 260. Importantly, the court reasoned:

> Once a ruling is made on the merits, as in a summary judgment, that decision becomes final as to that issue and cannot be vitiated by nonsuiting and refiling the case. . . . This concept is rooted in the long-standing and fundamental judicial doctrines of res judicata and collateral estoppel, which "promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the *relitigation*" of matters that have already been decided or could have been litigated in a prior suit. Just as a decision on the merits cannot be circumvented by nonsuiting and refiling the case, a final determination fixing venue in a particular county *must likewise be protected from relitigation*.

*Id.* (emphasis added) (citations omitted).

Here, in the absence of receiving the requisite notice and a hearing that Rule 87 requires, Relator was not provided the opportunity to challenge or litigate the issue of whether venue is proper in Midland County or Harris County in the first instance. Further, Relator is prohibited from seeking an interlocutory appeal of the

8

trial court's venue determination. *See* CIV. PRAC. & REM. § 15.064(a); TEX. R. CIV. P. 87(6). Significantly, the issue of venue cannot be relitigated by the district court in Harris County because venue has been "fixed" there by Judge Leonard's order transferring venue. *See In re Team Rocket*, 256 S.W.3d at 260. Therefore, we conclude that Relator lacks an adequate remedy by appeal, and the facts in this case constitute "exceptional circumstances" that necessitate action by this court. *See Henderson*, 797 S.W.2d at 905; *see also In re Masonite Corp.*, 997 S.W.2d at 198.

C. *Mandamus is not Barred by Laches or Midland Local Rule 4.09*

We next turn to RPI's responses to Relator's petition. RPI contends that Relator's mandamus request is barred by laches principles and, alternatively, that Judge Leonard appropriately granted the motion to transfer and signed the transfer order pursuant to a local rule. We first consider RPI's second assertion. It is true that local court rules do not trump the Texas Rules of Civil Procedure, the rules of evidence, or any other statutory requirement. *See* TEX. R. CIV. P. 3a(2) ("no time period provided by these rules may be altered by local rules"); *cf.* TEX. R. APP. P. 1.2(c) ("A court must not dismiss an appeal for noncompliance with a local rule without giving the noncomplying party notice and a reasonable opportunity to cure[.]"). In fact, the Texas Supreme Court recently reiterated this principle when it amended Rule 3a to specify that local court rules must not be inconsistent with (1) the rules the Texas Supreme Court has adopted, including the Texas Rules of Civil Procedure, or (2) state or federal law. *See Final Approval of Amendments to Rule 3a of the Texas Rules of Civil Procedure, Rule 1.2 of the Texas Rules of Appellate Procedure, and Rule 10 of the Texas Rules of Judicial Administration*, Misc. Docket No. 22-9081 (Tex. Sept. 23, 2022), available at https://www.txcourts.gov/media/1454923/229081.pdf (effective Jan. 1, 2023).

Moreover, RPI's reliance on Midland Local Rule 4.09(d)(2) is clearly misplaced. The notice requirement in this local rule only applies when a trial court

has actually rendered or announced its ruling on a matter after the matter has been submitted to it for determination. *See* Loc. R. 4.09(a) (within thirty days after *the trial court's rendition and announcement of its rulings*, counsel shall reduce to writing all judgments, decrees, or orders, and forward same to opposing counsel for approval as to form, and deliver such orders for the trial court to sign); *Id.* R. 4.09(d)(2) (if counsel is unable to secure the signature or approval from opposing counsel as to the form of a proposed order, counsel may present the trial court with the proposed order and a letter requesting that the trial court sign the proposed order if the trial court has not received any written objection from opposing counsel within ten days from the date of counsel's letter). Contrary to RPI's contention, Midland Local Rule 4.09 is not applicable to the circumstances before us and would not bar Relator's request for mandamus relief. Because the motion to transfer venue was not submitted to Judge Leonard for determination and because no hearing on the motion to transfer ever occurred, Judge Leonard did not *render or announce a ruling* on the motion. Further, RPI never submitted a letter to Judge Leonard requesting that she sign a transfer order. Above all, even if Midland Local Rule 4.09 did apply, this local rule cannot override or supplant the deadlines, notice requirements, and due process requirements of Rule 87. Tex. R. Civ. P. 3a(2).

With respect to RPI's laches argument, RPI contends that we "may analogize to the doctrine of laches, which bars equitable relief." For this assertion, RPI cites only to cases where courts have denied mandamus relief when mandamus petitions were filed four or more months after the trial court acted. *See, e.g., Rivercenter*, 858 S.W.2d at 367 (four months); *In re East Tex. Salt Water Disposal Co.*, 72 S.W.3d 445, 449 (Tex. App—Tyler 2002, orig. proceeding) (ten years). Undoubtedly, as stated above, mandamus proceedings are guided by equitable principles and "[o]ne such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (orig. proceeding)

10

(second alteration in original) (quoting *Rivercenter*, 858 S.W.2d at 367). In this case, however, Relator did not "slumber on their rights." Relator explains, and Judge Leonard has confirmed, that Relator did not become aware of the trial court's order transferring venue until September 26, 2022. Once it became aware of the order, Relator expeditiously filed this petition for writ of mandamus within eighteen business days. The record supports Relator's reasonable explanation. Therefore, we cannot say that upon becoming aware of the transfer order, Relator's subsequent "delay" in filing this original proceeding would subject its petition to a laches bar. *See In re Am. Airlines*, 634 S.W.3d at 43 (conditionally granting the petition for mandamus where a year-long delay was "neither unexplained nor unreasonable").

D. *The Trial Court's Plenary Power*

Finally, we address the issue of the trial court's plenary power. Relator asserts that, as evidenced by RPI's motion to transfer venue, the trial court sua sponte signed the transfer order because RPI's motion merely requested "limited discovery to establish evidence of the facts regarding venue" rather than requesting a hearing on such motion. Relator submits that, because the trial court sua sponte and without authority transferred venue of the underlying suit to Harris County, the trial court's transfer order is void and, therefore, her plenary power has not expired. *See Robertson v. Gregory*, 663 S.W.2d 4, 5 (Tex. App.—Houston [14th Dist.] 1983, orig. proceeding) (a transfer order on the trial court's own motion without notice to the parties was void); *see also Dorchester Master Ltd. P'ship v. Anthony*, 734 S.W.2d 151, 152 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding) (the trial court's sua sponte reconsideration of its transfer order denial was precluded by Rule 87(5) and therefore void). Irrespective of Relator's assertion, Judge Leonard mistakenly signed the transfer order based on the mere filing of RPI's motion to transfer venue, not on her own motion. Furthermore, statutory errors do not result in void orders, as Relator suggests, but instead result in "voidable" orders. *In re Masonite Corp.*,

997 S.W.2d at 198; *Mapco*, 795 S.W.2d at 703. Thus, as we have said, because Judge Leonard had jurisdiction to sign the transfer order, the order is "voidable," not void. *In re Masonite Corp.*, 997 S.W.2d at 198; *Mapco*, 795 S.W.2d at 703. Nevertheless, even though the trial court's order is voidable, we conclude that Relator lacks an adequate remedy by appeal.

RPI contends that the trial court's plenary power expired thirty days after the transfer order was signed, absent a "timely fil[ed] appropriate post judgment motion." For this assertion, RPI cites to and relies on Rule 329b(d) and the supreme court's decision in *Philbrook v. Berry*.[5] RPI claims that a "post judgment motion" would have been timely if Relator had filed such a motion within the trial court's "initial thirty-day [plenary] period." RPI's assertions are flawed. First, although the supreme court has referred to Rule 329b(d) in support of the argument that a trial court's plenary power expires thirty days after a transfer order is signed, the court also expressly overruled *Philbrook* in favor of "requir[ing] courts of appeals to find appellate jurisdiction" where possible. *HCA Health Servs.*, 838 S.W.2d at 248; *Mitschke*, 645 S.W.3d at 258.[6] Second, and most importantly for purposes of our

[5]683 S.W.2d 378, 379 (Tex. 1985), *overruled by Mitschke v. Borromeo*, 645 S.W.3d 251, 266 (Tex. 2022).

[6]In its responses, RPI also takes issue with Relator not filing either a motion to vacate or reconsider, a bill of review, or a motion for a new trial. Courts of appeals are divided on whether a motion for reconsideration pursuant to Rule 306a extends the trial court's plenary power. *Compare In re Ashley*, No. 13-09-00022-CV, 2009 WL 332312 (Tex. App.—Corpus Christi–Edinburg Feb. 10, 2009, orig. proceeding) (mem. op.) (Rule 306a motion extended trial court's plenary power), *with In re Chester*, 309 S.W.3d 713, 717 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (motion for rehearing of transfer order does not extend trial court's plenary power). Albeit in the context of a trial court denying a motion to transfer venue, courts of appeals are also divided on whether a trial court may reconsider its initial order in disposing of such a motion. *See In re Lowe's Home Ctrs., L.L.C*, 531 S.W.3d 861, 877 n.4 (Tex. App.—Corpus Christi–Edinburg 2017, orig. proceeding) (collecting cases). Some courts that favor allowing a trial court to reconsider its order cite to language in *HCA Health Services* for support. *See, e.g.*, *In re Reynolds*, 369 S.W.3d 638, 647 (Tex. App.—Tyler 2012, orig. proceeding) (Rule 87(5) "does not preclude reconsideration of the 'first and only motion to transfer scheduled for hearing'" (quoting *Orion Enters., Inc. v. Pope*, 927 S.W.2d 654, 659 (Tex. App.—San Antonio 1996, orig. proceeding), which quotes *HCA Health Servs.*, 838 S.W.2d at 248)). In any event, these holdings are of no consequence here because we conclude that Relator has pursued the only avenue for relief available to it based on the circumstances and the state of the law at the time its petition was filed.

analysis, Relator *did not have an opportunity* to file a "timely" post-judgment motion or other request while the trial court retained plenary power because Relator was unaware of and did not receive notice of the transfer order during that thirty-day period. Relator filed its petition for a writ of mandamus *because* it received notice of the trial court's erroneous transfer order *after* the trial court's plenary power had expired. Clearly, the lack of notice deprived Relator of the opportunity to advise Judge Leonard of her mistake within the thirty-day plenary period.

E. *Equitable Principles in Mandamus Proceedings Require Action*

Importantly, we refer again to the equitable principles that guide us in mandamus proceedings. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 138. We have concluded that Judge Leonard clearly abused her discretion when she signed the transfer order without following the procedures required by Rule 87. Equally troubling is that the Midland County district clerk failed to provide timely notice of the signed transfer order to Relator, which further precluded Relator from filing a timely challenge to the trial court's erroneous and voidable order. The district clerk's error only enhances Relator's argument and its entitlement to mandamus relief. As we have said, mandamus will not issue to challenge a trial court's venue determination unless "extraordinary circumstances" exist. In this case, such circumstances exist, and the equitable principles established by the supreme court compel the result that we announce today.

IV. *This Court's Ruling*

We conditionally grant Relator's petition for writ of mandamus and direct Respondent to vacate the transfer order that she signed on July 22, 2022. Vacating the transfer order will allow Judge Leonard to consider the motion to transfer venue pursuant to the requirements of Rule 87. A writ of mandamus will issue only if Judge Leonard fails to act by December 15, 2022.

13

In granting this relief, we do not express an opinion on whether venue is proper in Midland County or Harris County.

W. STACY TROTTER

JUSTICE

November 21, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.