

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00225-CV

---

IN RE NOBEL LEAF HOLDINGS, LLC, RELATOR

---

ORIGINAL PROCEEDING

---

January 3, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In this original proceeding, Relator, Nobel Leaf Holdings, LLC ("Nobel"), seeks a writ of mandamus ordering Respondent, the Honorable Danah Zirpoli, judge of the 64th District Court of Castro County, Texas, to vacate an order denying Nobel's motion to transfer venue and to render an order transferring the case to Lubbock County. At our request, Real Party in Interest, First United Bank, filed a response. Nobel filed a reply.

As an additional issue, the Bank argues we lack mandamus jurisdiction because Nobel's petition was not timely filed and because Respondent did not rule on Nobel's motion to transfer venue. We disagree with the Bank's jurisdictional challenge. Because

we conclude the record does not establish a clear abuse of discretion by Respondent, we deny Nobel's petition.

Background

This case, pending in Castro County district court, involves the Bank's efforts to collect on notes claimed to be in default and to recover equipment said to be subject to a perfected security interest made in favor of the Bank. On March 30, 2022, the Bank amended its pleading to add Nobel as a party, although issuance of citation was not requested at that time.[1]

At some point not established in the record before us, the Bank had moved for Respondent to issue a temporary injunction, consideration of which was set for hearing on April 21, 2022. Two days before the hearing, Nobel filed an objection and motion to transfer venue in a document that also included its original answer and counterclaim. Nobel alleged that venue was mandatory in Lubbock County pursuant to Texas Civil Practice and Remedies Code section 15.011 because some of the equipment claimed to be collateral constituted fixtures.[2] Nothing in the mandamus record indicates that Nobel filed a motion to continue the injunction hearing.

At the commencement of the temporary injunction hearing, Nobel's counsel announced his appearance and told Respondent he had a "preliminary matter." For the first time, counsel orally requested a setting on Nobel's objection to venue and asked

---

[1] The Bank alleged its rights in the equipment are superior to Nobel's and that Nobel intentionally interfered with the Bank's contracts with the borrower.

[2] Nobel also alleged the Bank's lawsuit was between a landlord and tenant arising under a lease, although that argument is not advanced in this proceeding.

2

"that this matter be delayed or reset until we can make a determination on venue." After hearing argument about the due order of hearing the matters and whether Nobel's "venue motion" was supported by verification or proof, Respondent ruled:

> THE COURT: Okay. Thank you.
>
> Okay. Counsel, I will deny that motion at this time. We will move forward for the hearing on the temporary injunction.

On May 11, 2022, Respondent signed an order granting temporary injunctive relief and set the case for trial for September 22, 2022. The same day, Nobel filed a notice of interlocutory appeal seeking review of the temporary injunction. The interlocutory appeal was later voluntarily dismissed,[3] but Nobel initiated the present original proceeding petition in this Court in July 2022.

## Analysis

### Jurisdiction

We begin with the Bank's argument that we lack jurisdiction because Nobel's petition for mandamus was not timely filed and because its complaint was not preserved by a trial court ruling.

Section 15.0642 of the Texas Civil Practice and Remedies Code allows a party to challenge a mandatory venue determination by mandamus. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642. The petition must be filed before the later of "the 90th day before the date the trial starts" or the tenth day after the date the party receives notice of the trial

---

[3] *See Nobel Leaf Holdings, LLC v. First United Bank,* No. 07-22-00145-CV, 2022 Tex. App. LEXIS 5317 (Tex. App.—Amarillo July 27, 2022, no pet.) (per curiam) (mem. op.) (granting Nobel's motion for voluntary dismissal of interlocutory appeal).

3

setting.  *Id.*  The Bank interprets this section to mean that trial "starts" on the date included in the trial setting order, meaning Nobel should have sought mandamus relief on or before June 24, 2022 (90 days before September 22, 2022).  We disagree with the Bank's position that the trial court's setting order affixes a deadline for Nobel's petition.  Moreover, even if the Bank's position was correct, we have no indication that trial began on September 22.

The Bank also contends Respondent never ruled on Nobel's motion to transfer venue.[4]  However, the reporter's record from the April 21, 2022 hearing indicates the trial court expressly referred to the "venue motion" in its discussion with the attorneys and before ruling it was denying "that motion at this time."  We find suitable support in the record that Respondent knew what she was considering when denying "that motion at this time," and therefore reject the Bank's jurisdictional arguments.

Nobel's Petition

Nobel asserts Respondent possessed no discretion to refuse to transfer the suit from Castro County to Lubbock County pursuant to section 15.011 of the Civil Practice and Remedies Code.  A writ of mandamus generally issues only to (1) correct a clear abuse of discretion (2) for which the relator has no adequate appellate remedy.  *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  However, when a party brings a mandamus petition to seek to enforce a mandatory venue determination, it must only prove that the respondent abused its discretion.  *See* TEX. CIV.

---

[4] In the same section of its responsive brief, the Bank also contends Nobel failed to "preserve a complaint for appellate review."  The Bank fails to present any authority showing how this alleged failure somehow implicates this Court's jurisdiction.

PRAC. & REM. CODE ANN. § 15.0642; *In re Missouri Pac. R.R. Co.,* 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding) ("adequacy of an appellate remedy is not a requisite of a mandatory venue mandamus under section 15.0642.").

Motions to transfer venue are governed by Texas Rule of Civil Procedure 87.1. It states in relevant part:

> The determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits. The movant has the duty to request a setting on the motion to transfer. Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer.

TEX. R. CIV. P. 87.1. When a court grants a motion to transfer without giving the responding party sufficient notice under the rules, it abuses its discretion. *Henderson v. O'Neill*, 797 S.W.2d 905 (Tex. 1990). The mandamus record plainly reflects, and Nobel conceded in the trial court's hearing, that less than forty-five days had passed before Nobel sought to have the motion to transfer heard. We therefore disagree with Nobel's position that granting the motion to transfer was required by law.

Nobel argues in its *reply* that any failure to comply with Rule 87.1's notice requirement should be excused due to the Bank's delay in bringing Nobel into the case. Although Rule 87.1 contemplates leave of court as an alternative to forty-five days of notice, such relief was not requested from Respondent; we therefore do not consider it here. *In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding) (per

5

curiam).  *See also In re Bank of Am., N.A.*, No. 01-02-00867-CV, 2003 Tex. App. LEXIS

8722, at *8–9 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding) (mem. op.).[5]

Conclusion

Nobel's petition for writ of mandamus is denied.

Lawrence M. Doss
Justice

---

[5] "Equity is generally not served by issuing an extraordinary writ against a trial court on a ground that was never presented to the court and that the court thus had no opportunity to address.  Moreover, the standard of review on mandamus is whether the trial court clearly abused its discretion.  It would be hard to conclude, without circumstances that were highly unusual or that made a trial court's ruling void, that a trial court could abuse its discretion in making a ruling for a reason that was never presented to the court."