

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00252-CV

---

In re Sandra Ramirez, Relator

---

AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator, Sandra Ramirez, has filed a petition for writ of mandamus, requesting that we order the Respondent, the Honorable Ben L. Ivey III, to vacate the trial court's October 9, 2025 order transferring venue of the underlying proceeding from El Paso County, Texas, to Kaufman County, Texas. In her sole point of error, Ramirez contends the trial court abused its discretion by transferring venue without notice and without conducting a hearing as required by the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 87 (providing procedures for determining motions to transfer venue). Because the trial court failed to comply with the procedural requirements mandated by

Rule 87 for consideration of a motion to transfer venue, we conditionally grant the petition for writ of mandamus.

## I. DISCUSSION

Mandamus is an extraordinary remedy granted only when the relator shows: (1) the trial committed a clear abuse of discretion; and (2) no adequate appellate remedy exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). The burden is on the relator to show entitlement to mandamus relief. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). The Texas Supreme Court has held that mandamus is the appropriate remedy when a trial court fails to comply with the procedural requirements of Texas Rule of Civil Procedure 87. *Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex. 1990) (per curiam).

Rule 87 of the Texas Rules of Civil Procedure provides that the "movant has the duty to request a setting on the motion to transfer." Tex. R. Civ. P. 87.1. The trial court must then provide at least 45 days' notice of the hearing date on the motion to transfer venue. *Id*. R. 87.3(b). "This requirement is important because, in relevant part, plaintiffs are entitled to file amended pleadings at least seven days before a hearing on a motion to transfer venue." *In re Hesseltine*, No. 13-25-00256-CV, 2025 WL 1819777, at *3 (Tex. App.—Corpus Christi-Edinburg July 1, 2025, orig. proceeding) (mem. op.). "After the hearing on the motion has concluded, the trial court then must determine the motion 'promptly' based on the pleadings, stipulations, and affidavits." *In re Rino-K&K Compression, Inc.*, 656 S.W.3d 153, 159-60, 163 (Tex. App.—Eastland 2022, orig. proceeding); Tex. R. Civ. P. 87.1, 87.3(b).

Real Party in Interest Cold Way Transportation, LLC (Cold Way) filed its motion to transfer venue on April 22, 2025. Although Cold Way attempted to request a setting on the motion, the record does not show that the trial court ever set a hearing on the motion. The trial court then

entered its order granting the motion to transfer venue on October 9, 2025, without a setting or a hearing.

Cold Way states in its response that the trial court set a hearing on the transfer motion during a September 8, 2025 status conference, when the trial court allegedly stated it would hear the motion by submission. Cold Way further asserts that by way of the trial court hearing the motion by submission, a hearing on the matter *was* held. We reject these contentions because Cold Way has not presented competent evidence in support. Aside from Cold Way's bare assertions, nothing in the mandamus record confirms the veracity of what occurred during the September 8, 2025 status conference. Rather, the certified "Register of Actions" (docket sheet) shows the trial court never set or held a hearing on the transfer motion.[1] *Cf. Moore v. W. Bend Energy Partners, LLC*, No. 08-23-00180-CV, 2024 WL 5239901, at *9 (Tex. App.—El Paso Dec. 27, 2024, pet. denied) (mem. op.) ("But a docket sheet can be used as evidence of other matters. A docket sheet can show the existence of a case and the date it was filed. It may be some evidence that an event or action occurred on a particular date." (cleaned up)).

The trial court abused its discretion by failing to comply with the Texas Rules of Civil Procedure governing venue procedure and determinations. *See* Tex. R. Civ. P. 87.1 ("Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer."); *Henderson*, 797 S.W.2d at 905 (granting mandamus relief and holding that trial court abused its discretion by ruling on a motion to transfer venue for not following procedures outlined by Rule 87); *In re Hesseltine*, 2025 WL 1819777, at *5 (holding that "even if the motion to transfer

---

[1] Cold Way further argues that Ramirez failed to preserve error on Rule 87 grounds because she did not object or move for a continuance. *See Gentry v. Tucker*, 891 S.W.2d 766, 769 (Tex. App.—Texarkana 1995, no pet.) (providing that a party "must move for continuance to preserve error on Rule 87 grounds that he was not given either sufficient notice of the hearing or reasonable time to prepare for trial after the hearing"). However, the record does not show that a hearing was ever set, and Ramirez's duty to object to the setting was therefore never triggered.

venue was timely filed, the trial court abused its discretion by granting it without notice and hearing."); *In re Rino-K&K Compression, Inc.*, 656 S.W.3d at 160 (recognizing that Rule 87 requires both notice and a hearing on a motion to transfer venue).

## II. CONCLUSION

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its October 9, 2025 order transferring venue of the underlying proceeding. We are confident the trial court will comply, and the writ will issue only if it does not. We further order the stay imposed by our October 21, 2025 order lifted.

MARIA SALAS MENDOZA, Chief Justice

June 3, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.