**In re STANDARD GUARANTY INSURANCE COMPANY.**

**No. 08–0899.**

Texas Judicial Panel on Multidistrict Litigation.

Jan. 12, 2009.

On Review By the Multi-District Litigation Panel

Justice HANKS delivered the opinion of the Multidistrict Litigation Panel.

Before the Panel is Standard Guaranty Insurance Company's ("Standard Guaranty") motion to transfer three insurance coverage cases to a single court for the coordination of pretrial proceedings. These cases, arising from Standard Guaranty's denial of Hurricane Rita property damage claims, are currently pending in Jasper, Jefferson, and Hardin Counties. We grant the motion.

**Background**

The plaintiffs in the underlying cases own property covered by insurance policies issued by Standard Guaranty. The petitions in each of the cases contain nearly identical generalized allegations of wrongdoing. Each plaintiff alleges that the defendants in their respective cases engaged in unfair settlement practices and wrongfully denied their claims for property dam-

age caused by Hurricane Rita. In each of the petitions, the plaintiffs allege violations of the Texas Insurance Code, fraud, breach of contract and breach of the duty of good faith and fair dealing against Standard Guaranty and the individual adjuster or adjusters who handled their claim.

There are between three and five named parties in each case and the discovery requests propounded by the parties thus far have been voluminous. The discovery requests are nearly identical, and are typical of initial discovery in insurance coverage disputes—seeking general information regarding each defendant's justification for denying the claims, as well as each defendants' policies and procedures for investigating the claims, compliance with the requisite insurance code provisions for adjusting the claims and their communications with the plaintiffs. The discovery requests, attached to the motion to transfer, reflect that—in each of the three cases—plaintiffs have propounded approximately 93 requests for production and 23 interrogatories (plus requests for disclosure) to Standard Guaranty and 64 requests for production and 25 interrogatories (plus requests for disclosure) to each of the individual adjuster or adjusters. The defendants have not yet propounded discovery requests upon the plaintiffs.

### Mandates of Rule 13

Rule 13 authorizes this Panel to grant a motion for the transfer of "related" cases from different trial courts to a single pretrial judge if the transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of litigation. *See* TEX.R. JUD. ADMIN. 13.3(a)(2), TEX. GOV'T CODE § 74.162 (West 2005). Our decision regarding a motion to transfer is necessarily influenced by our review of the contents of the parties' pleadings and discovery in the cases at issue in the motion. Accordingly, we analyze Standard Guaranty's motion under the rubric of Rule 13 and the factual issues at play in the cases.

### Are the Cases Related?

Under Rule 13.2(f), cases are related if they involve "one or more common questions of fact." *See* TEX.R. JUD. ADMIN 13.2(f), TEX. GOV'T CODE § 74.162 (West 2005). While the rule requires common questions of fact, strict identity of issues and parties in the cases is not required and cases containing case-specific issues such as damages may still be transferred under Rule 13. *See In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70, 72 (Tex. M.D.L. Panel 2006). As we have held, "every case is different. No two cases are alike. A rule 13 transfer of cases does not require that the cases be congruent or anything close to it." *In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d at 72.

Standard Guaranty argues that the cases in its motion are related because they are nearly identical insurance coverage disputes, with each case involving the same insurance carrier and arising from property damage sustained during Hurricane Rita. Citing the Panel's recent decision in *In Re Delta Lloyds Insurance Company et. al.*, 339 S.W.3d 384 (Tex. M.D.L. Panel 2008), Standard Guaranty contends that common questions of fact exist among the cases in its motion and that these common questions of fact mandate the transfer of the cases to a single pretrial court.

In contrast, the Respondents argue that the cases are highly individualized and that they do not share common questions of fact. The Respondents argue that the cases involve different individual plaintiffs and separate and distinct pieces of real

property located in three different counties.

We agree with Standard Guaranty that these cases are "related" under Rule 13. Each of the cases share common questions of fact regarding Standard Guaranty's alleged conduct in adjusting the individual insurance claims and the alleged contractual basis for denying each plaintiff's claims. *See In re Delta Lloyds Insurance Company,* 339 S.W.3d 384 (Tex. M.D.L. Panel 2008).

## Would the Transfer Further Convenience and Efficiency?

We next review whether the transfer of these cases would serve the goals of Rule 13—in other words, whether it will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of litigation. *See* Tex.R. Jud. Admin. 13.3(a)(2), Tex. Gov't Code § 74.162 (West 2005). "The movant need not show anyone has already been inconvenienced or that there are existing problems to be addressed. Instead, we must simply be convinced that transfer to a pretrial judge would promote Rule 13's goals of convenience and efficiency." *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W.3d 70, 72 (Tex. M.D.L. Panel 2006). While the number of parties and cases is a relevant factor in ruling on a motion to transfer, "the number of pending cases and parties is not directly determinative of the necessity of a pretrial transfer." *In re Vanderbilt Mortgage & Fin. Inc.,* 166 S.W.3d 12, 14 (Tex. M.D.L. Panel 2005).

We agree that transferring the cases listed in Standard Guaranty's motion to a single pretrial court would further the convenience of both the parties and witnesses in those cases, and would promote the just and efficient resolution of these cases. As a result of the common questions of fact regarding Standard Guaranty's alleged conduct in adjusting the insurance claims and the contractual basis for the denial of the claims, the same pool of fact and employee witnesses will likely need to be deposed in each one of the three cases against Standard Guaranty. As we have held, "[w]hen Rule 13 voices its concern for the convenience of parties and witnesses, it has such persons [fact and employee witnesses] in mind." *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W.3d at 72. Further, as evidenced by the voluminous written discovery sought thus far by plaintiffs, discovery in these cases will be time consuming and costly to both the parties and witnesses, and both the discovery requests and responses are likely to be identical in each of the three cases. Considering the fact that the cases are pending in three different counties and that there are between three and five named parties in each case, coordination of this discovery in a single pretrial court will greatly reduce the time and expense to both the parties and fact witness. Consolidated proceedings will prevent the needless time and expense of tripled written and deposition discovery, and consolidation will also ensure that identical pretrial issues, including discovery disputes and expert issues regarding Standard Guaranty's conduct, are resolved in a consistent manner among the cases. *In re Steven E. Looper, Individually, et. al.,* No. 06–1010 (Tex. M.D.L. Panel April 10, 2006).

## Conclusion

For the reasons stated above, we conclude that Standard Guaranty has shown that the cases listed its motion are "related" within the meaning of Rule 13 and that transferring them to one pretrial court would serve the convenience of the parties and witnesses and the efficient resolution of the claims. Accordingly, Standard

Guaranty's motion to transfer is granted. A pretrial judge will be appointed by separate order.