| MDL No. 10-0115 |
| :---: |

| IN RE ALCON SHAREHOLDER LITIGATION |
| :---: |

| ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL |
| :---: |

JUSTICE BROWN delivered the opinion of the MDL Panel.

Novartis AG, a Swiss pharmaceutical company, has moved the panel to transfer four lawsuits to a pretrial court. All four cases are shareholder actions challenging Novartis's bid to wholly acquire Alcon, Inc., a Swiss eye-care company with operations in Fort Worth.[1] Although Novartis is the only one of the actions' fourteen defendants to move for transfer, at least six of the defendants agree that transfer is appropriate.[2] Plaintiffs L. Patricia Sampoli and Joel Krieger object to the transfer.

Rule 13 authorizes us "to transfer 'related' cases from different trial courts to a single pretrial judge if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *In re Cano Petroleum, Inc.*, 283 S.W.3d 179, 181 (Tex. M.D.L. Panel 2008) (quoting *In re Ad Valorem Tax Litig.*, 216 S.W.3d 83, 84 (Tex. M.D.L. Panel 2006)); *see* Tex. R. Jud. Admin. 13.2(f), 13.3(a), 13.3(l). Novartis argues that the four lawsuits "are as similar as any four cases could be," and thus easily satisfy Rule 13's relatedness standard. Transferring the cases to a single pretrial court would be convenient for the parties and witnesses, Novartis contends, and would promote justice and efficiency.

---

[1] The four lawsuits are *Sampoli v. Alcon, Inc.*, No. CC-10-00324-D (Co. Ct. at Law No. 4 Dallas County, Tex.); *Krieger v. Alcon, Inc.*, No. CC-10-00403-C (Co. Ct. at Law No. 3 Dallas County, Tex.); *Miller v. Alcon, Inc.*, No. 096-242894-10 (96th Dist. Ct. Tarrant County, Tex.); and *Ronconi v. Alcon, Inc.*, No. 153-242902-10 (153rd Dist. Ct. Tarrant County, Tex.).

[2] The defendants who concur with Novartis's motion to transfer are Nestlé, S.A., Alcon, Inc., Kevin J. Buehler, Thomas G. Plaskett, Cary R. Rayment, and Joan Miller. The other defendants have not responded to the motion. Incidentally, Nestlé is a defendant in just three of the four cases; it is the only of the fourteen defendants not named in all four cases.

1

Novartis concludes its motion by suggesting that the panel name a specific district judge in Tarrant County as the pretrial judge.

Sampoli and Krieger do not dispute that the four cases are sufficiently related under Rule 13. Nor do they quarrel with the argument that transfer to a single judge would foster convenience and efficiency, except to contend that Dallas would be more convenient than Fort Worth. But they do oppose Novartis's selection of a particular judge, noting that this panel has criticized similar requests in the past. They also contend that transfer would violate Rule 120a of the Texas Rules of Civil Procedure.

On April 15, 2010, we granted the motion to transfer, but denied the request for a particular judge. This opinion lays down our reasons for those rulings.

**Transfer Under Rule 13**

To be eligible for transfer under Rule 13, cases must "involve one or more common questions of fact." *In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70, 72 (Tex. M.D.L. Panel 2006). Novartis correctly alleges that these cases easily satisfy that test. Each of the four cases is filed against thirteen of the same defendants; three of the four cases also include Nestlé as a defendant. All of the cases consist of claims for breach of fiduciary duties and breach of contract arising out of the same transaction—Novartis's proposed acquisition of all of Alcon's outstanding stock. Because cases involving "nearly identical generalized allegations of wrongdoing" satisfy the relatedness requirement, cases sharing identical allegations of wrongdoing arising out of the same set of facts necessarily do, too. *See In re Standard Guar. Ins. Co.*, No. 08-0899, 2009 WL 887990, at *1 (Tex. M.D.L. Panel Jan. 12, 2009).

2

Additionally, each of the cases is a class action, and the plaintiffs in each action purport to represent the same class of Alcon shareholders. We have recognized that "there is a nexus between commonality for class[-]certification purposes and relatedness for consolidation purposes." *In re Petroleum Wholesale Litig*., No. 08-0956, 2009 WL 887988, at *3 (Tex. M.D.L. Panel Feb. 10, 2009). Many of the issues in the four cases are also the same: (1) whether some of the defendants are subject to personal jurisdiction in Texas; (2) whether the cases should be transferred to Switzerland; (3) whether the defendants breached fiduciary and contractual duties to Alcon shareholders; and (4) whether Novartis should be enjoined from completing the acquisition.

Novartis also persuasively argues that consolidated pretrial proceedings would further both convenience and efficiency. *See* Tex. Gov't Code Ann. § 74.162 (Vernon 2005); Tex. R. Jud. Admin. 13.3(a)(2). It is "undeniable that it is more convenient for witnesses and parties who find themselves involved in several cases to litigate in one pretrial court instead of several." *In re Silica Prods. Liab. Litig*., 166 S.W.3d 3, 5 (Tex. M.D.L. Panel 2004). Because the allegations and named defendants are virtually identical across the cases, discovery of documents and fact witnesses is likely to be virtually identical as well; it makes sense in such cases to vest a single pretrial judge with the responsibility and discretion to manage discovery in a way that avoids needless duplication of efforts. *See In re Standard Guar. Ins. Co*., 2009 WL 887990, at *2; *In re Delta Lloyds Ins. Co*., Nos. 08-0142, 08-0208, 08-0427, 2008 WL 5786888, at *5 (Tex. M.D.L. Panel Sept. 5, 2008).

Additionally, the parties anticipate that a number of complex pretrial motions will arise in each of the four cases Novartis seeks to transfer. Some of the foreign defendants have already filed special appearances challenging personal jurisdiction. Depending on the outcome of those

3

challenges, Novartis expects that motions to dismiss on forum non conveniens will likely follow, as well as motions concerning whether and to what extent the plaintiffs' claims are covered by Swiss law. Sampoli and Krieger do not dispute this. A key benefit of transferring related cases to a single pretrial judge is that such complicated issues may be raised once and treated consistently, rather than litigated repeatedly with potentially divergent results. *See In re Silica Prods. Liab. Litig.*, 166 S.W.3d at 6.

Because the four lawsuits at issue are related, and because transferring them to a single pretrial judge will both serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, we grant Novartis's motion to transfer. *See* Tex. R. Jud. Admin. 13.2(f), 13.3(a), 13.3(l).

## Request for a Particular Judge

In addition to moving to transfer, Novartis also suggests that we send the cases to a particular district judge in Tarrant County. Novartis puts forward this judge because he already presides over two of the cases—one was originally filed in his court and the other arrived as an intra-county transfer from another district court. Novartis also notes that one of the defendants, Alcon, has an office in Tarrant County. In response, Sampoli and Krieger accuse Novartis of forum shopping, and correctly remark that suggestions of a specific pretrial judge have not been well-received by this panel. They also maintain that Tarrant County is no more convenient than Dallas County, especially in light of the fact that the same Dallas law firm represents the plaintiffs in all four cases.

Even assuming that Novartis's motivation for suggesting a specific judge is pure, we nevertheless decline to grant the request. We have stated before that we disfavor movants

4

recommending that we transfer to a particular county or judge. *E.g.*, *In re Digitek Litig.*, No. 09-0408, 2009 Tex. LEXIS 551 *7-8 (Tex. M.D.L. Panel Aug. 5, 2009); *In re Petroleum Wholesale Litig.*, 2009 WL 887988, at*4. "Consolidation of cases into a pre-trial court is not intended to facilitate forum shopping, nor the appearance of forum shopping." *In re Petroleum Litig.*, 2009 WL 887988, at *4. As already set forth in our order of April 15, we have transferred the cases to a district judge in Dallas County.

## Rule 120a

Sampoli and Krieger also contend that Novartis's motion violates Rule 120a of the Texas Rules of Civil Procedure. The rule concerns special appearances, and provides in pertinent part: "Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." Tex. R. Civ. P. 120a(2); *see also First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (discussing Rule 120a's due-order-of-pleadings and due-order-of-hearing requirements). Because several defendants have already filed special appearances that had not yet been heard when Novartis filed its motion to transfer, Sampoli and Krieger argue that the motion to transfer is premature.

Novartis responds that Rule 13 authorizes the pretrial judge to hear and decide special appearances, and that allowing the pretrial judge to do so promotes the just and efficient conduct of cases. We agree. Rule 13 provides that the "pretrial court has the authority to decide, in place of the trial court, all pretrial matters in all related cases transferred to the court," including "jurisdiction." Tex. R. Jud. Admin. 13.6(b). Allowing the pretrial judge to hear and rule on the

5

special appearances avoids the possibility of inconsistent jurisdictional rulings both at the trial level and on interlocutory appeal.

It certainly makes sense to require a trial court to hear and decide a special appearance before moving on to other pleas and motions—it is pointless for the court to rule on other matters if it has no jurisdiction over the parties. It likewise makes sense for one pretrial judge to hear and rule on identical special appearances a single defendant has filed in multiple related cases. By authorizing pretrial judges to decide questions of jurisdiction, Rule 13 impliedly requires that Rule 120a's due-order-of-hearing requirement give way. We hold, therefore, that a motion to transfer under Rule 13 is not premature merely because special appearances in the cases to be transferred remain undetermined when the motion is filed.

* * *

For the reasons stated, we grant the motion to transfer. By separate order, we have transferred the cases to a pretrial judge.

PRESIDING JUDGE PEEPLES, CHIEF JUSTICES STONE, JUSTICE MCCLURE, and CHIEF JUSTICE WRIGHT concur.

_____
Jeff Brown, Justice

OPINION DELIVERED: May 6, 2010

6