SARAH S. VANCE, Chair
Before the Panel: Defendants in three actions move under Panel Rule 10.2 to vacate our order that conditionally remanded the actions listed on Schedule A to their respective transferor districts. Defendants request that, instead of sending these cases to their originating courts, we instead send the actions to districts in which venue is purportedly proper. Defendants request that actions be remanded to: (1) the District of Wyoming with respect to the Chadwick action (which was originally *1390 brought in the District of New Jersey); (2) the Eastern District of Virginia with respect to the Carter action (which was brought in the Southern District of New York); and (3) the Northern District of Texas with respect to the Richards action (which was brought in the Southern District of Texas). Plaintiffs did not respond to the motion.
The Panel placed these actions on a conditional remand order after receiving the transferee judge's suggestion of remand. Each action now before us was conditionally remanded to the district in which it was filed or removed to from state court. Defendants now suggest that we redirect the remands to three non-originating courts.
After considering all argument of counsel, the Panel finds that Section 1407(a) requires us to remand these three actions to their respective transferor courts. Defendants' request is a matter of first impression. Defendants argue that the parties can waive the right to return to their originating court, akin to what parties often do in the transferee court by waiving their Lexecon objections.[1] We are not persuaded by this argument. The parties' waiver of objections to Section 1407 remand does not imbue the Panel with the power to send their cases wherever the parties agree. While parties often waive Lexecon rights for a given case to remain in the transferee court for trial, once the Section 1407 remand process is initiated, the statute unambiguously requires the Panel to return a transferred action to the district from whence it came. Under Section 1407(a), "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]" 28 U.S.C. § 1407(a). As the transferee judge noted in his suggestion of remand, the Panel is without authority to "redirect the remand" to a different, non-originating court. Instead, any motion for change of venue must be made to the original transferor court following Section 1407 remand. While the parties may view this process as cumbersome, since they agree that venue is proper in the proposed, non-originating districts, the clear terms of the statute afford the Panel no discretion as to where a transferred case must be remanded: the only destination allowed by Section 1407(a) is the "district from which it was transferred."
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, defendants' motion to vacate the conditional remand order is DENIED, and the actions listed on Schedule A are remanded to their respective transferor courts.
SCHEDULE A
MDL No. 2391-IN RE: BIOMET M2A MAGNUM HIP IMPLANT PRODUCTS LIABILITY LITIGATION
Northern District of Indiana
CHADWICK v. BIOMET ORTHOPEDICS, INC., ET AL., C.A. No. 3:12-00614 (D. New Jersey, C.A. No. 2:12-03136)
CARTER v. BIOMET, INC., ET AL., C.A. No. 3:13-00256 (S.D. New York, C.A. No. 1:13-01532)
*1391 RICHARDS v. BIOMET ORTHOPEDICS LLC, ET AL., C.A. No. 3:14-00612 (S.D. Texas, C.A. No. 4:14-00232)

Section 1407"obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach , 523 U.S. 26, 34, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998).