

# NUMBER 13-22-00366-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE SIGNATURE CARE EMERGENCY CENTER AND ROUND TABLE PHYSICIANS GROUP, PLLC

## On Petition for Writ of Mandamus.

# OPINION

**Before Justices Benavides, Silva, and Peña**
**Opinion by Justice Silva[1]**

In this original proceeding, relators Signature Care Emergency Center (Signature Care) and Round Table Physicians Group, PLLC (Round Table) contend that the multidistrict litigation (MDL) pretrial court[2] abused its discretion by vacating November

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from MDL No. 15-0360 in the 444th District Court of Cameron County, Texas, and the respondent is the Honorable David Sanchez. *See id.* R. 52.2.

10, 2021 orders granting relators' motion to transfer venue from Hidalgo County, Texas, to Fort Bend County, Texas, and by failing to grant relators' motion to remand the relevant cases to their trial courts contemporaneously with the November 10, 2021 orders transferring venue. We conditionally grant the petition for writ of mandamus.

## I.   BACKGROUND

This original proceeding arises from multidistrict litigation regarding the validity of medical liens. The real parties in interest, Baldemar Quintero, Maria Quintero, Karina Quintero, and Edgar Perez,[3] filed suit against relators in various Hidalgo County district courts alleging that the real parties were injured in accidents and received medical care at relators' medical care facilities. The real parties thereafter retained attorneys to represent them against third parties regarding their injuries. According to the real parties, rather than billing their medical insurance providers for the charges that they incurred, relators filed medical liens to collect payment for their services. The real parties alleged that the liens were fraudulent and illegal because, inter alia, they were not "admitted" to medical facilities and relators have no right to file hospital liens under Chapter 55 of the Texas Property Code because they are not hospitals. *See* TEX. PROP. CODE ANN. §§ 55.001–.008 (regarding hospital and emergency medical services liens); TEX. CIV.

---

[3] The petition for writ of mandamus and response thereto identifies the relevant trial court cases, and plaintiffs and real parties in interest, as follows: Baldemar Quintero, cause number C-2540-19-L in the 464th District Court of Hidalgo County; Maria Quintero, cause number C-2541-19-L in the 464th District Court of Hidalgo County; Karina Quintero, cause number C-2542-19-L in the 464th District Court of Hidalgo County; and Edgar Perez, cause number C-2543-19-H in the 389th District Court of Hidalgo County.

As discussed in the record, the real parties were involved in a car accident in the Houston area, they received medical treatment at a Signature Care facility, and they filed claims against the opposing driver. The mandamus record does not contain all of the separate pleadings and orders regarding each of these underlying cases. Relators and real parties treat these cases globally, and real parties do not allege that the cases present different facts or circumstances. Thus, we address the cases collectively based on the pleadings provided in the mandamus record and supplemental records.

2

PRAC. & REM. CODE ANN. §§ 12.001–.007 (governing civil liability related to a fraudulent court record or a fraudulent lien or claim filed against real or personal property). The real parties also alleged that the liens were not valid because the amounts charged were excessive and that the relators tortiously interfered with their settlement negotiations with the adverse drivers' insurance carriers. The real parties sought declaratory relief and requested class action certification regarding their claims. The real parties alleged that venue was proper in Hidalgo County, Texas based on the general rules regarding venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a). They alleged that a substantial part of the acts and omissions giving rise to their claims occurred in Hidalgo County, and they and their attorneys were residents of Hidalgo County.[4]

The real parties subsequently filed notices that their cases were transferred as tag-along cases to Cause No. 15-0360, *In re Fraudulent Hospital Lien Litigation*, in the 444th District Court of Cameron County, Texas. *See* TEX. R. JUD. ADMIN. 13.5(e) (governing the transfer of tag-along cases to pretrial courts in multidistrict litigation), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F. app.

Relators subsequently filed motions to transfer venue and subject thereto, their original answers and affirmative defenses. For example, with regard to Baldemar, relators

---

[4] In his original petition, Baldemar Quintero provided citations to Texas Civil Practice and Remedies Code § 15.002(a), subsections (1) and (2), to support his venue allegations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1), (2). Subsection (a)(2) concerns the defendant's residence at the time the cause of action accrued if the defendant is a natural person. *See id.* § 15.002(a)(2). Based on the petition's allegations regarding Baldemar's residence, and that of his attorney's, we assume that Baldemar intended instead to cite to subsection (a)(4), which provides that if subdivisions (1), (2), and (3) do not apply, then the lawsuit shall be brought "in the county in which the plaintiff resided at the time of the accrual of the cause of action." *Id.* § 15.002(a)(4). This anomaly in Baldemar's pleadings does not affect our analysis in this original proceeding.

3

explained that Baldemar's accident occurred in Fort Bend County, Texas, he was admitted to and received emergency hospital services at a Signature Care location in that county, and relators had filed medical liens in that county. Relators thus contended that venue was proper in Fort Bend County under Chapter 12 of the Texas Civil Practice and Remedies Code, which provides, in relevant part, that "[a]n action under this chapter may be brought in any district court in the county in which the recorded document is recorded." TEX. CIV. PRAC. & REM. CODE ANN. § 12.004. Relators also asserted that venue should be transferred to Fort Bend County based on the convenience of the parties and witnesses. *See id.* § 15.002(b). Relators specifically denied Baldemar's venue allegations, specifically denied that venue was proper in Hidalgo County, and specifically denied that a substantial part of the acts and omissions occurred there. Relators further alleged:

- [Relators] did not file the Chapter 55 liens in Hidalgo County[.]

- [Relators] never provided emergency medical care to [Baldemar] in Hidalgo County[.]

- [Relators] do not have a principal place of business in Hidalgo County—the principal office of [Signature Care's] facility where [Baldemar] was treated, is located at 8910 Highway 6 S, Houston, Texas 77083, in Fort Bend County. [Signature Care] has never had a facility in Hidalgo County and does not conduct business in Hidalgo County, Texas.

- The principal office of Round Table is located at 11490 Westheimer Rd., Suite 1000, Houston, Texas 77077, which is in Harris County. Round Table has never had an office in Hidalgo County.

- The principal office of Round Table Medical Consultants, LLC is located at 11490 Westheimer Rd., Suite 1000, Houston, Texas 77077, which is in Harris County.

- [Relators] do not own, lease, operate, manage, or oversee any freestanding emergency medical care facilities, or any other type of

4

facility, in Hidalgo County, nor do they provide, or have ever provided, any medical services in Hidalgo County[.]

- [Relators] do not treat any patients in Hidalgo County, do not generate any revenue in Hidalgo County, and do not receive any payment for medical services in Hidalgo County.

- [Relators] do not have any employees, agents, or representatives in Hidalgo County, and they do not hire, fire, pay, or control any employees, agents, or representatives in Hidalgo County.

- Any communications between Providers and [Baldemar] or counsel for [Baldemar] occurred from the Providers' principal offices in Harris or Fort Bend County.

- Payment for the medical services provided to [Baldemar] was made to Providers in Fort Bend and Harris County.

Relators supported their motion to transfer venue with the affidavit of Lisa Snyder, the Revenue Specialist Manager for Round Table, who provided testimony in support of the foregoing allegations. Snyder also explained in some detail that it was not geographically convenient for the parties or witnesses to litigate the underlying claims in Hidalgo County, Texas.

Relators subsequently filed, subject to their motions to transfer venue, motions to remand the cases from the pretrial court "to the respective district courts in Fort Bend County, Texas."

On September 25, 2019, the pretrial court held a hearing on the relators' motions to transfer venue but did not issue a ruling regarding venue.

On September 26, 2019, the MDL Panel issued a per curiam order in this MDL proceeding. According to the order, the pretrial court had remanded one of the cases therein, concerning plaintiff Terrance Williams, to a trial court in Harris County on the

5

basis that it did not constitute a tag-along case. The MDL Panel reviewed that decision for an abuse of discretion and ruled that:

> The original transfer in this case was limited by the MDL Panel to hospital lien cases and tag-along cases filed in Hidalgo County against McAllen Hospitals, L.P. [d/b/a] McAllen Medical Center and affiliated hospitals (MMC). The scope of the transfer has not been expanded or modified by the MDL Panel. The claims of Williams are not against MMC and do not involve liens filed in Hidalgo County.

> Having considered all of the pleadings on file, and the original orders of the panel creating the pretrial court for cases pending in Hidalgo County against MMC and its affiliates, the panel concludes that the Williams case is not related to the other cases in the pretrial court and that the Motion for Rehearing should be denied.

The MDL Panel thus denied rehearing and affirmed the pretrial court's order remanding the Williams case back to the Harris County trial court.

On October 2, 2019, the real parties notified the pretrial court by letter that the MDL Panel had issued an opinion clarifying that the multidistrict litigation was limited "to cases filed in Hidalgo County, Texas against McAllen Hospitals, L.P. d/b/a McAllen Medical Center and affiliated hospitals." The real parties thus requested the pretrial court to "remand these cases to their originating courts in Hidalgo County, Texas" on grounds that those courts possessed jurisdiction to hear the relators' motions to transfer venue. The real parties stated that, based on the MDL Panel's opinion, "other unrelated hospitals" had been tagged into the multidistrict litigation, and would require remand, and the parties would attempt to submit orders of remand for those by agreement unless any defendant sought to expand the multidistrict litigation by filing a motion with the MDL Panel.

On October 11, 2019, the MDL Panel issued a per curiam order in a *separate* MDL proceeding, MDL No. 19-0499, *In re Freestanding Emergency Medical Care Facilities*

6

*Lien Litigation*. The order recited that:

> Twenty-two plaintiffs originally sued [Signature Care] facilities and [Round Table] in Harris and Fort Bend Counties. They alleged that the defendants had filed fraudulent hospital liens and[,] in their suits[,] sought statutory penalties, costs, attorney fees, and exemplary damages. The defendants have filed a Motion to Transfer asking us to transfer certain remaining cases to a single pretrial court for consolidated or coordinated pretrial proceedings. In response to the Motion to Transfer, plaintiffs Natalie Medina and Terrance Williams have filed pleadings in opposition. No other plaintiffs have filed any opposition to the motion.

> We agree that the cases are related[,] and that transfer would result in more efficient pretrial of the related cases. We limit the scope of the MDL Pretrial Court to those cases listed in the Appendix to the motion to transfer together with tag-along cases filed against [Signature Care] and/or Round Table and their affiliates alleging that they have filed fraudulent liens in Harris County or Fort Bend County.

> We grant the motion to transfer[,] and we will appoint the MDL Pretrial Judge by a separate order.

(Internal footnote omitted). According to the pleadings filed in this case, the Honorable Judge Mark Davidson was ultimately assigned to preside over that separate MDL proceeding.

On November 10, 2021, the pretrial court in this case granted relators' motions to transfer venue and transferred venue of the cases to a district court in Fort Bend County. However, the pretrial court did not concomitantly grant relators' motion to remand the cases.

On January 6, 2022, the real parties filed a "Joint Motion for Clarification Concerning Order Granting [Relators'] Motion to Transfer Venue." In this motion, they asserted that they did not receive notice of the order transferring venue until counsel for relators gave them a copy of the order on or about December 30, 2021. The real parties

contended that relators had not specifically denied their venue facts, argued that they had offered several reasons for the trial court to deny the transfer of venue, and requested clarification regarding whether the venue transfer was based on mandatory or permissive venue. The real parties further argued that venue was improper in Fort Bend County under either mandatory or permissive venue. In terms of relief, these real parties requested the trial court to clarify its ruling or, alternatively, to vacate its venue order.

On March 10, 2022, the pretrial court held a hearing on the status of the case and the real parties' motion for clarification. The real parties argued that the pretrial court held a hearing on relators' motion to transfer venue but did not rule, and the following day the MDL Panel issued an order clarifying the scope of the multidistrict litigation to encompass claims against McAllen Medical and related entities, and to exclude claims against relators. In turn, relators argued that the pretrial court had lost jurisdiction over the cases after the transfer of venue. The relators requested the pretrial court to remand the cases from the multidistrict litigation proceeding so that the cases could be included in MDL No. 19-0499, the separate MDL proceeding for the Fort Bend and Harris County cases.

On March 14, 2022, the real parties provided the pretrial court with proposed orders remanding the cases from the pretrial court and informed the pretrial court of their position that "since the MDL Panel has ruled that the above referenced cases are not before the correct MDL Pretrial Court, then any ruling beyond remanding the cases back to the originating trial courts in which they were filed is beyond the jurisdiction of this MDL Court." The real parties asserted that the pretrial court's jurisdiction ended when the MDL Panel issued its decision on September 26, 2019, the day after the pretrial court heard

8

relators' motion to transfer venue. The real parties further argued that the "time limitations for the expiration of the court's plenary power does not apply to an MDL Court" as opposed to a regular trial court. The real parties also suggested that case law regarding the finality of venue rulings applied only in the context where cases were nonsuited, then refiled, to circumvent unfavorable venue rulings.

On June 22, 2022, the pretrial court held a hearing on the status of the case. The relators and real parties again addressed issues pertaining to venue and remand. After the hearing, but later the same day, the real parties provided the pretrial court with a proposed order vacating the venue transfer orders while reiterating their position that the MDL Panel opinion divested the pretrial court of jurisdiction to take any action other than remand the cases to their originating courts.

On June 27, 2022, the pretrial court signed an "Order Vacating Prior Orders Granting Transfer to Fort Bend County, Texas and Order of Remand to Originating Trial Courts Without Prejudice to Right to Transfer by the Proper MDL Court." This order states that the cases "were improperly tagged and transferred from their originating courts" into the MDL "as per the Opinion and Order issued by the Multidistrict Litigation Panel on September 26, 2019." The order vacates the venue transfer order signed on November 10, 2021 "without prejudice to the re-urging of same in the proper MDL Pretrial Court before the Honorable Pretrial Court Judge Mark Davidson, MDL [19]-0499/Master Docket No. 2019-77967, styled *In re: Freestanding Emergency Medical [Care] Facilities Lien Litigation*, [i]n the 334[th] District Court of Harris County, Texas." The order further remands the cases from the pretrial court back to their originating trial courts.

9

On July 19, 2022, the District Clerk of Cameron County, Texas, issued transfer certificates transferring the cases to the trial courts in Hidalgo County, Texas. This original proceeding ensued. By one issue, relators assert that the pretrial court abused its discretion in vacating its venue transfer order because it lacked plenary jurisdiction and/or by failing to grant relators' motion to remand when it transferred venue. Relators request that we issue mandamus relief "directing the 444[th] District Court to vacate its order dated June 27, 2022 and directing the court to transfer the suits to Fort Bend County and to remand them to the respective Fort Bend County District Courts for inclusion in the Houston area MDL." This Court requested and received a response to the petition from the real parties in interest, and further received a reply thereto from relators.

## II.     STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that "(1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re*

*Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## III.   ANALYSIS

By one issue, relators assert that the pretrial court abused its discretion by vacating its order transferring venue of the cases to Fort Bend County, or alternatively, by refusing to grant relator's motion to remand contemporaneously with the November 10, 2021 order transferring venue of the cases. Relators contend that: (1) the pretrial court lacked jurisdiction to vacate its November 10, 2021 order transferring venue because its plenary jurisdiction expired thirty days after the transfer order was signed on June 27, 2022; (2) a mandatory venue provision, § 12.004 of the Texas Civil Practice and Remedies Code, requires that this suit be transferred to Fort Bend County where the relevant liens were filed; (3) relators specifically denied the plaintiffs' pleaded venue facts and the plaintiffs failed to proffer prima facie proof supporting their choice of venue; (4) these suits should be remanded to Fort Bend County and included in the Harris County MDL; and (5) the pretrial court had jurisdiction to transfer venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.004. The real parties assert otherwise. In summary, the real parties assert that:

> [Relators are] not entitled to the relief requested for the reason that the MDL Pretrial Court was without jurisdiction, at the time of the entry of the order transferring venue to Fort Bend County[,] to do anything other than vacate the void order of transfer and remand the *unrelated* Quintero cases back to the originating trial courts in Hidalgo County where they were initially filed pursuant to Rule 13.5(e) of the Texas Rules of Judicial Administration. [The pretrial court] did not abuse [its] discretion in vacating a void order over which [it] had no subject matter jurisdiction. This Court lacks jurisdiction to order [the pretrial court] to reinstate a void order over which the [pretrial court] lacked jurisdiction at the time of the entry of the challenged order.

11

The only MDL [p]retrial [c]ourt with jurisdiction over pretrial matters with authority to transfer venue of the Quintero cases to Fort Bend County is the Honorable Judge Mark Davidson, the duly appointed presiding Judge of the [p]retrial [c]ourt in *In re: Freestanding Emergency Centers Lien Litigation*. [The pretrial court's] Order of Remand specifically preserves the right of [relators] to have [their] Motion to Transfer to Fort Bend County re-urged in a proper court with subject matter jurisdiction over the Quintero cases.

The Clerk of the [p]retrial [c]ourt physically transferred all filings and orders of the [p]retrial [c]ourt for the Quintero cases back to their originating trial courts in Hidalgo County pursuant to Rule 13.7(c). Thus[, relators are] not entitled to relief by mandamus since [they have] an adequate remedy at law by simply tagging the Quintero cases into the [MDL pretrial court] and re-urging their motion to transfer venue before Judge Mark Davidson.

The parties' contentions thus raise multiple matters for our review.

## A.    Multidistrict Litigation Pretrial Court

The Judicial Panel on Multidistrict Litigation "may transfer cases to a pretrial court if they are related and transfer will further the goals of convenience, efficiency, and justice." *In re Farmers Ins. Co. Wind/Hail Storm Litig. 2*, 506 S.W.3d 803, 805 (Tex. J.P.M.L. 2016); *see Mass. Bay Ins. v. Adkins*, 615 S.W.3d 580, 585–86 (Tex. App.—Houston [1st Dist.] 2020, no pet.). Rule 13 of the Texas Rules of Judicial Administration governs multidistrict litigation proceedings and "aims to further these goals by (1) eliminating duplicative and repetitive discovery, (2) minimizing conflicting demands on witnesses, (3) preventing inconsistent decisions on common issues, (4) reducing unnecessary travel, and (5) allocating finite judicial resources intelligently." *In re Farmers Ins. Co. Wind/Hail Storm Litig. 2*, 506 S.W.3d at 805; *see* TEX. R. JUD. ADMIN. 13, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F. app.

The MDL Panel may order transfer of cases to a multidistrict pretrial court if three

members concur "that related cases involve one or more common questions of fact, and that transfer to a specified district court will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the related cases." TEX. R. JUD. ADMIN. 13.3(*l*). Further, after the initial transfer order is issued, a party may transfer a "related" case as a tag-along case, which is "a case related to cases in an MDL transfer order but not itself the subject of an initial MDL motion or order." *Id.* R. 13.2(g). A tag-along case is "deemed" transferred to the pretrial court when a proper notice of transfer is filed in both the trial court and the pretrial court. *See id.* R. 13.5(e).

Under Rule 13, "[t]he judge assigned as judge of the pretrial court has exclusive jurisdiction over each related case transferred pursuant to this rule unless a case is retransferred by the MDL Panel or is finally resolved or remanded to the trial court for trial." *Id.* R. 13.6(a). And "a judge who is qualified and authorized by law to preside in the court to which an action is transferred" under the provisions of the government code pertaining to multidistrict litigation "may preside over the transferred action as if the transferred action were originally filed in the transferor court." TEX. GOV'T CODE ANN. § 74.164. Further:

> The pretrial court has the authority to decide, in place of the trial court, all pretrial matters in all related cases transferred to the court. Those matters include, for example, jurisdiction, joinder, venue, discovery, trial preparation (such as motions to strike expert witnesses, preadmission of exhibits, and motions in limine), mediation, and disposition by means other than conventional trial on the merits (such as default judgment, summary judgment, and settlement). The pretrial court may set aside or modify any pretrial ruling made by the trial court before transfer over which the trial court's plenary power would not have expired had the case not been transferred.

TEX. R. JUD. ADMIN. 13.6(b); *see In re Alcon S'holder Litig.*, 387 S.W.3d 121, 125 (Tex.

13

J.P.M.L. 2010) (holding that Rule 13 gives the pretrial court authority to rule on special appearances). The pretrial court can render a final and appealable judgment, and it may also "order remand of one or more cases, or separable triable portions of cases, when pretrial proceedings have been completed to such a degree that the purposes of the transfer have been fulfilled or no longer apply." TEX. R. JUD. ADMIN. 13.7(a), (b). Orders and judgments by the trial court or pretrial court may be appealed. *See id.* R. 13.9(b); *Mass. Bay Ins.*, 615 S.W.3d at 587.

In this case, the real parties argue that there is no procedure for one pretrial court to transfer venue to another pretrial court. Nonetheless, the MDL Panel can order cases transferred from one pretrial court to another pretrial court under specified circumstances, including "other circumstances when retransfer will promote the just and efficient conduct of the cases." TEX. R. JUD. ADMIN. 13.3(o). However, the MDL Panel did not do so here.

## B. Jurisdiction of Pretrial Court to Rule on Venue

The real parties assert that the pretrial court "lost jurisdiction" over the cases before it granted the motion to transfer venue when the MDL Panel clarified the scope of the MDL proceedings so as to exclude the cases. The real parties thus argue that the pretrial court lost jurisdiction over the cases more than two years prior to the transfer of venue. They assert that the September 26, 2019 order issued by the MDL Panel limited the scope of the MDL to exclude cases filed against relators for hospital liens filed in Fort Bend and Harris County. Relators contend that the pretrial court had jurisdiction to transfer venue, and even if the September 26, 2019 order had some effect on the pretrial court's

jurisdiction, that court retained the power to address venue before subject matter jurisdiction.

As stated previously, the assigned judge of the pretrial court "has exclusive jurisdiction over each related case transferred pursuant to this rule unless a case is retransferred by the MDL Panel or is finally resolved or remanded to the trial court for trial." *Id.* R. 13.6(a); *see Mass. Bay Ins.*, 615 S.W.3d at 587. According to the record, the MDL Panel did not retransfer these cases, and they were not finally resolved or remanded before the trial court issued its ruling transferring venue on November 10, 2021. Thus, the pretrial court had exclusive jurisdiction over the cases when it transferred venue. *See* TEX. R. JUD. ADMIN. 13.6(a); *Mass. Bay Ins.*, 615 S.W.3d at 587.

The real parties urge, in substance, that the pretrial court was required to consider jurisdiction before it considered the propriety of venue. Generally, courts are required to determine questions of jurisdiction before reaching the merits of a case. *See In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Nevertheless, "certain non-merits" and "non-jurisdictional issues" may be addressed before jurisdiction "under the proper circumstances." *Vinmar Trade Fin., Ltd. v. Util. Trailers de Mex., S.A. de C.V.*, 336 S.W.3d 664, 671 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (discussing and citing *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007)). A court may consider non-jurisdictional and non-merits matters before jurisdiction based on "considerations of convenience, fairness, and judicial economy." *Vinmar Trade Fin., Ltd.*, 336 S.W.3d at 671 (quoting *Sinochem*, 549 U.S. at

15

432). Addressing jurisdiction as a preliminary matter, in contrast, is necessary if the court plans to issue a judgment on the merits. *Id.*; *see Sinochem*, 549 U.S. at 431.

Based on the foregoing, the pretrial court had the authority to issue a ruling on venue before addressing the impact of the MDL court's ruling on its jurisdiction over the four cases at issue here. *See Mass. Bay Ins.*, 615 S.W.3d at 587; *Vinmar Trade Fin., Ltd.*, 336 S.W.3d at 671; *Schippers v. Mazak Props., Inc.*, 350 S.W.3d 294, 296–97 (Tex. App.—San Antonio 2011, pet. denied); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("Accordingly, when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue."). Here, addressing venue before jurisdiction comports with the general tenets of multidistrict litigation insofar as it furthered the goals of convenience, efficiency, and justice. *See Mass. Bay Ins.*, 615 S.W.3d at 585–86; *In re Farmers Ins. Co. Wind/Hail Storm Litig. 2*, 506 S.W.3d at 805. Further, there is no indication in this record that addressing jurisdiction before venue was required because the pretrial court planned to address the merits of these cases. *See Vinmar Trade Fin., Ltd.*, 336 S.W.3d at 671; *see also Sinochem*, 549 U.S. at 431.

**C.	Venue**

"Venue refers to a 'geographic location within the forum where [a] case may be tried.'" *In re Fox River Real Estate Holdings, Inc.*, 596 S.W.3d 759, 762 (Tex. 2020) (orig. proceeding) (quoting *Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731, 734 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)). Under the legislative framework, venue may be proper in several different locations. *In re Fox River Real Estate Holdings, Inc.*,

596 S.W.3d at 762. "Plaintiffs have the first choice in determining where to file a lawsuit, but when that choice is properly challenged, the trial court must transfer venue if the plaintiff fails to establish venue is maintainable in the county of suit." *Id.* If venue is improper, it "shall in no event be harmless error and shall be reversible error" in an appeal from the trial on the merits. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b); *see Perryman v. Spartan Tex. Six Cap. Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018).

Here, relators specifically denied the real parties' alleged venue facts. *See* TEX. R. CIV. P. 87(3)(a); *State v. Life Partners, Inc.*, 243 S.W.3d 236, 239 (Tex. App.—Waco 2007, pet. denied) (per curiam). Once the relators specifically denied the alleged venue facts, the real parties had the burden to present prima facie proof that venue was proper in the county of suit. *See* TEX. R. CIV. P. 87(3)(a). Based upon the record presented, the real parties did not do so in this case. Because the real parties failed to discharge their burden, the right to choose a proper venue passed to the relators. *See In re Mo. Pac. R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding). The relators pleaded and presented evidence that venue was proper in Fort Bend County under § 12.004 of the civil practice and remedies code because that was where the relevant liens were recorded. See TEX. CIV. PRAC. & REM. CODE ANN. § 12.004. Relators also asserted and presented evidence that venue should be transferred to Fort Bend County based on the convenience of the parties and witnesses. *See id.* § 15.002(b). We thus conclude that the relators sustained their burden regarding venue.

17

**D.      Jurisdiction of Pretrial Court to Vacate its Venue Order**

The general rule is that only one venue determination may be made in a single proceeding, and Texas Rule of Civil Procedure 87 prohibits changes in venue following the initial ruling on venue. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *United Parcel Serv., Inc. v. Norris*, 635 S.W.3d 242, 249–50 (Tex. App.—Beaumont 2021, no pet.); *In re Lowe's Home Ctrs., L.L.C.*, 531 S.W.3d 861, 871 (Tex. App.—Corpus Christi–Edinburg 2017, orig. proceeding); *In re Hardwick*, 426 S.W.3d 151, 157 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *see also* TEX. R. CIV. P. 87(5) (discussing the exceptions to the rule that only one venue determination can be made in a proceeding).

When a trial court grants a motion to transfer venue, it retains plenary jurisdiction over the case for thirty days. *See In re Team Rocket, L.P.*, 256 S.W.3d at 260; *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *HCA Health Servs. of Tex., Inc. v. Salinas*, 838 S.W.2d 246, 248 (Tex. 1992) (orig. proceeding) (per curiam); *In re Lowe's Home Ctrs., L.L.C.*, 531 S.W.3d at 871; *see also Sewell v. Brock*, No. 06-20-00009-CV, 2020 WL 5223325, at *2 (Tex. App.—Texarkana Sept. 2, 2020, pet. denied) (mem. op.). "Even if the venue transfer is interlocutory for the parties, the order is final as far as the transferring court is concerned." *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *see Salinas*, 838 S.W.2d at 248.

Here, the pretrial court granted the relators' motion to transfer venue on November 10, 2021. The real parties did not file a motion for reconsideration or rehearing of the

pretrial court's ruling regarding venue.[5] On January 6, 2022, the parties filed a joint motion for clarification. At that point, however, the trial court's jurisdiction over the order transferring venue had already ended, and the order transferring venue was final. *See In re Team Rocket, L.P.*, 256 S.W.3d at 260; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *HCA Health Servs. of Tex., Inc.*, 838 S.W.2d at 248. We thus conclude that the pretrial court erred in vacating that order.

## E.    Remedy by Appeal

Real parties assert that relators are not entitled to mandamus relief because they have an adequate remedy at law by "simply tagging" these cases into MDL Cause No. 19-0499, *In re Freestanding Emergency Medical Care Facilities Lien Litigation*, pending in the 334th District Court of Harris County, Texas, before Judge Davidson, and rearguing their motion to transfer venue in that proceeding. However, there has already been one venue ruling in these cases, and we disagree, given the instant circumstances, that there can be another. *See In re Team Rocket, L.P.*, 256 S.W.3d at 259; *United Parcel Serv., Inc.*, 635 S.W.3d at 249–50; *In re Lowe's Home Centers, L.L.C.*, 531 S.W.3d at 871.

We thus consider whether mandamus relief is otherwise appropriate to remedy the pretrial court's error. We note that the pretrial court did not clarify whether it based its venue ruling on mandatory or permissive venue concepts. Typically, venue rulings are reviewed after appeal from a final judgment in the case. *See* TEX. CIV. PRAC. & REM. CODE

---

[5] In this regard, the real parties assert they did not receive appropriate notice of the pretrial court's ruling on venue. They did not, however, seek to set aside the venue ruling on this basis in the pretrial court or in this Court. We note that Texas Rule of Civil Procedure 306a(4) generally allows for extensions of post-judgment deadlines when a party first receives notice of a judgment more than twenty, but less than ninety-one, days after it is signed. *See* TEX. R. CIV. P. 306a(4); *see also In re Ashley*, No. 13-09-00022-CV, 2009 WL 332312, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 10, 2009, no pet.) (mem. op.) (per curiam).

ANN. § 15.064(a) (prohibiting interlocutory appeals from venue determinations); TEX. R. CIV. P. 87(6) (same). By statute, venue rulings involving multiple plaintiffs may be reviewed by interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b); *UPS Ground Freight, Inc. v. Trotter*, 606 S.W.3d 781, 786 (Tex. App.—Tyler 2020, pet. denied). However, mandamus relief is appropriate to enforce a mandatory venue provision when the trial court has denied a motion to transfer venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642; *In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding) (per curiam). Further, mandamus review of a venue ruling is appropriate in "extraordinary circumstances." *In re Team Rocket, L.P.*, 256 S.W.3d at 262 (collecting cases).

In evaluating the benefits of mandamus review against the detriments in this case, we examine the specific circumstances presented in accordance with the factors delineated by the Texas Supreme Court in *Prudential* and utilized in *Team Rocket*. *See In re Team Rocket, L.P.*, 256 S.W.3d at 262; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Based on our review, these factors favor mandamus review. First, the present case involves an impairment of relators' procedural rights. The supreme court in *Team Rocket* recognized that Texas venue statutes "create a balance" by giving the plaintiff "the first choice of venue when he files suit" and restricting the defendant to one motion to transfer that venue. *In re Team Rocket, L.P.*, 256 S.W.3d at 262. The court reasoned that the plaintiff's action in taking a nonsuit and refiling in another county in response to an unfavorable ruling on venue violated the defendant's procedural rights by permitting the plaintiff to circumvent the balance established by the venue rules. *Id.* at 261. Similarly,

20

the pretrial court in this case has improperly applied the venue statute by allowing multiple venue proceedings in violation of the relators' procedural rights. *See id.*

Second, mandamus review presents this Court with the opportunity to give needed and helpful direction to the law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. This factor weighs in favor of mandamus relief if a legal issue "is likely to recur, as demonstrated by the . . . decisions that have already addressed it." *In re Team Rocket, L.P.*, 256 S.W.3d at 262. The concept that only one venue determination may generally be made in a single proceeding and that changes in venue are prohibited after the initial ruling has been repeatedly litigated in Texas courts. *See, e.g.*, *In re Team Rocket, L.P.*, 256 S.W.3d at 259; *United Parcel Serv., Inc.*, 635 S.W.3d at 249–50; *In re Lowe's Home Ctrs., L.L.C.*, 531 S.W.3d at 871. Further, granting mandamus relief in this case allows this Court to provide clarity regarding the application of this concept in MDL litigation. *See In re Team Rocket, L.P.*, 256 S.W.3d at 259.

Third, the trial court's actions will result in an irreversible waste of resources. *See id.* In *Team Rocket*, the supreme court noted that a subsequent reversal of a trial court ruling on venue would "subject[] taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials." *Id.* Stated otherwise, "mandamus relief is appropriate to 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 523 (Tex. 2010) (orig. proceeding) (quoting *In re Prudential*, 148 S.W.3d at 136). This concern weighs in favor of granting mandamus. *See, e.g.*, *In re Team Rocket, L.P.*, 256 S.W.3d at 262.

Considering the extraordinary circumstances present here, we conclude that the detriments to issuing mandamus relief are outweighed by the benefits. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we agree with relators that they lack an adequate remedy by appeal.

## F.      Remand

Relators request that we issue mandamus relief "directing the 444[th] District Court to vacate its order dated June 27, 2022[,] and directing the court to transfer the suits to Fort Bend County and to remand them to the respective Fort Bend County District Courts for inclusion in the Houston area MDL." The real parties contend that directing the pretrial court to remand the cases to Fort Bend violates Rule 13.5(e) of the Rules of Judicial Administration. *See* TEX. R. JUD. ADMIN. 13.5(e). The real parties thus assert that the cases must be returned to Hidalgo County. In support of this contention, they cite *In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, 357 F. Supp. 3d 1389, 1389 (U.S. Jud. Pan. Mult. Lit. 2018). In that case, the pretrial court had conditionally remanded cases to their originating courts, but the defendants requested the panel to remand the cases to "districts in which venue is purportedly proper." *Id.* The plaintiffs did not oppose the defendants' motion. *Id.* The panel concluded that it lacked authority to make such a transfer, and the terms of the applicable statute required remanding the cases to the originating courts. *Id.* (citing former 28 U.S.C. § 1407(a)). The panel suggested that motions to transfer venue must be made to the originating trial courts after remand. *Id.*

We disagree with the real parties that *Biomet* controls our disposition here. In *Biomet*, the defendants did not file a motion to transfer venue in the pretrial court and the

22

pretrial court did not issue a ruling on venue. *See id.* Here, the defendants filed a motion to transfer venue and the pretrial court ruled on that motion. Thus, *Biomet* is not procedurally on point. We nevertheless agree with the real parties that Rule 13 does not empower the pretrial court to send the cases to courts other than the originating courts. Under Rule 13, the pretrial court can enter "a final and appealable judgment," in which instance the case is not remanded to the trial court, or it can "order remand . . . when pretrial proceedings have been completed to such a degree that the purposes of the transfer have been fulfilled or no longer apply." TEX. R. JUD. ADMIN. 13.7(a), (b). The Rule does not envision other actions. The pretrial MDL judge does not have the authority to transfer a case directly to an MDL or to remand the case to a different trial court. *See id.* Thus, in accordance with the scheme of multidistrict litigation, the pretrial court should remand the cases to the originating trial courts, where we note that the pretrial court's venue order is, generally speaking, "binding in the trial court after remand." *See id.* R. 13.8.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the real parties' response, the reply, and the applicable law, is of the opinion that relators have met their burden to obtain mandamus relief as stated herein. Accordingly, we sustain the sole issue presented in this original proceeding. We conditionally grant the petition for writ of mandamus and direct the pretrial court to (1) vacate its order of June 27, 2022; (2) enter a new order of remand to the trial courts with instructions for those courts to direct the Hidalgo County District Clerk to transmit the records in those cases to

appropriate courts in Fort Bend County, Texas. Our writ will issue only if the pretrial court fails to comply.

CLARISSA SILVA
Justice

Delivered and filed on the
14th day of March, 2023.